CRAIG et al. vs. HERRING & TURNER, for use.

80 709
87 547
80 709
120 1065

1. After judgment for plaintiff in a proceeding by attachment, and judgment following thereupon against the securities on the replevy bond given by the defendant, it is too late for such securities to successfully urge, by illegality to the judgment against them, that the contract declared on in the attachment suit was one upon which no attachment would lie as against the property attached. (Rep.)

2. If a promissory note be unconditional, judgment may be entered by the court without the verdict of a jury, in a suit upon it, although the contract accompanying it provides that title to the property for which the note is given is to remain in the seller and payee until the note is paid, and further provides that if the note be not paid at maturity, possession may be retaken by such seller. (Rep.)

3. That the bond for attachment was not executed by the principal and sureties therein themselves, but by the attorney for the plaintiff in attachment in their behalf, the apparent makers of the bond having made no such question, is a point in which securities to the replevy bond have no interest. (Rep.)

4. Sureties to the replevy bond were parties to the pending attachment case, so far as to subject them to its result, the attachment not being void; and no service of process on them was necessary to bind them by the result of such case. *Neal vs. Gordon*, 60 *Ga.* 112, cited and distinguished. (Rep.)

5. That the securities were induced to sign the replevy bond by fraud on the part of the sheriff, the plaintiff in attachment not being implicated in or privy to the fraud, cannot be taken advantage of by them by illegality to the judgment on the bond they signed. (Rep.)

(a) If the sheriff deceived and misled them, their redress is against him. (Rep.)

May 4, 1888.

Attachments. Contracts. Judgments. Replevy bond. Parties. Fraud. Remedies. Before Judge HUTCHINS. Gwinnett superior court. September term, 1887.

An execution issuing from a judgment in favor of Herring & Turner, for the use of S. C. McCandless, against A. D. Word and M. L. Word, as principals, and G. P. Craig and Robert Craig, securities, on a replevy bond, was levied on property of one of the securities. The securities jointly filed an affidavit of illegality on the following grounds:

(1) That the attachment which was levied on the property for which the replevy bond was given, was sued out under a contract described in the declaration in attachment, by which contract it appeared that the property levied on was the property of the plaintiff in attachment, in his possession and subject to his control, and under the contract the defendant in attachment was holding the property only for the defendant and as his agent, the conditions of the contract being as follows:

" It is furthermore the express condition of the delivery of said gin and feeder to us that the title, ownership or possession does not pass from the said Herring & Turner until this note and interest is paid in full; and they may take possession of said gin and feeder and sell the same for my account at any time, in case this note is not paid, in which case I hold myself liable for any and all loss or damages caused by my failure to meet this note."

The attachment was therefore void, as plaintiff could not sue out an attachment against his own property, in his own possession by his agent.

(2) That the judgment of the superior court in the attachment case is void on the ground that the contract sued is conditional, as set forth in the first ground of illegality, and required a verdict by a jury before a judgment could be rendered by the court.

(3) The attachment was void because no bond, as required by law, was given by the plaintiff, the bond not being signed either by the plaintiff or by his sureties, but all the signatures appearing in the handwriting of C. H. Brand, Esq., plaintiff's attorney; and there being no lawful authority attached to the writing authorizing him to so sign.

(4) The attachment judgment was void because the defendants had not been served with process and did not appear and defend, and were not present in court when the case was called and judgment rendered, and had no knowledge of any bond or other papers connected with the attachment against the Words, the principal defendants, with which these defendants were connected or which they had signed, upon which judgment could be rendered.

(5) The judgment is void because defendants, being only securities on the replevy bond, had no opportunity to defend on the trial and show that the bond was and is void on the ground of fraud in its procurement; and they allege that they were induced to sign the bond in the following manner: At the time the gin and feeder were levied on by the sheriff, defendants were engaged with Word in running the same. Said sheriff told defendants that they could still go on running by giving him a forthcoming bond, and when they got through, they could return the property to him and they would be relieved from all liability on the bond; and this they agreed to do. The sheriff had the bond prepared and brought it to defendants to sign, telling them it was only a forthcoming bond. They said they did not like to sign without hearing it read and asked him to read it. He tried, but could not read it, and handed it to one of defendants, who tried but could not, the sheriff still insisting that it was only a forthcoming

bond and that it was not necessary that it should be read. One of the defendants then went with him to the sheriff's office at the court house, and not finding any one to read the bond (the sheriff still insisting that it was only a forthcoming bond), this defendant believed it to be such and went to an attorney's office and inquired what would be defendants' liability on a forthcoming bond, was informed what it would be, and went back to the sheriff; and then defendants signed the bond. After the ginning season was over, they turned over the property to the sheriff, as agreed, and thought they were relieved from all further liability, until they were informed that judgment had been signed against them. The property was so turned over long before the signing of the judgment, and since then it has been sold under the *fi. fa.* issuing therefrom.

The plaintiffs in *fi. fa.* demurred orally to this affidavit because the grounds taken were insufficient in law, and because the validity of the judgment could not be attacked by illegality. The demurrer was sustained, and the defendants excepted.

F. F. JUHAN, for plaintiffs in error.

C. H. BRAND, *contra.*

BLECKLEY, Chief Justice.

The code, §3319, declares that after a replevy bond in attachment has been given by the defendant, it shall be lawful for the plaintiff to take judgment against the defendant and his securities upon said bond for the amount of the judgment he may recover in his said attachment case. This was done, and the securities thereupon filed their affidavit of illegality.

1. The first ground of illegality attacks the contract declared upon in the attachment suit, as one upon which no attachment would lie as against the property attached. That question was closed by the judgment, and is not open to re-examination by affidavit of illegality.

2. The second ground alleges that the contract was conditional, and therefore that a verdict was necessary, and the court could not render a judgment without a verdict. The contract was in writing, and so far as appears was wholly unconditional as to the existence and the amount of the debt. The condition disclosed in the record was as to the vesting of title in the debtor to the property for which the note was given, and not as to the obligation of the debtor to pay for it. It was an unconditional debt, with conditional incidents attaching to the consideration. The note, we may assume, the contrary not appearing, was payable certainly and at all events, and the retention of title by the creditor was to secure payment, and not to make the debt contingent. The note fell directly within the constitutional provision empowering the court to render judgment without the verdict of a jury. Code, §5145.

3. The third ground goes back to the bond given by the plaintiff on suing out the attachment, and makes the point that the bond was not executed by the principal and sureties themselves, but by the plaintiffs' attorney in their behalf. It is enough to say that as the apparent makers of the bond have never raised this question, it is one in which these securities on the replevy bond have no interest.

4. The fourth ground urges that the affiants were not served with process, and did not appear and defend. They had no right to be served with any process. When they became parties to the replevy bond they were parties to the pending case so far as to subject them to the result, the attachment not being void. The case is unlike *Neal vs. Gordon*, 60 *Ga.* 112.

5. The fifth and last ground attacks the bond for fraud in the sheriff, by which these securities were induced to sign it, not knowing it to be a replevy bond, but believing it to be merely a bond for the forthcoming of the property which had been seized under the attachment. It is not pretended that the plaintiff in attachment was implicated in or privy to this fraud. If the sheriff deceived and

misled these securities, thereby committing a tort upon them, their redress is against him, and they have no right to discharge from the bond as between themselves and the innocent plaintiff in attachment. The correct statutory bond was taken, in which respect this case is unlike *Ham vs. Parkerson,* 68 *Ga.* 830, in which the bond was not that appropriate to the duty of the officer, but one wholly different. The present case is more in line with *Willis vs. Rivers,* decided at this term, (*ante,* 556.) The court administered the law in sustaining the demurrer to the affidavit of illegality.

Judgment affirmed.