CRAIG *et al. vs.* COSBY, sheriff, *et al.*

Nearly all the questions made in this case were either made or could have been made in the affidavit of illegality previously filed by the plaintiffs, which was decided against them at the last term of this court in the case of *Craig vs. Herring*, 80 *Ga.* 709. The charges of fraud now made against certain new parties, were denied by them; and as to this point, the discretion of the trial judge, who refused to grant the injunction, will not be interfered with.

December 5, 1888.

*Res adjudicata.* Fraud. Injunction. Discretion. Before Judge HUTCHINS. Gwinnett county. At chambers, July 2, 1888.

After the case in 80 *Ga.* was decided, the Craigs filed their petition against Cosby, the sheriff, and against S. C. McCandless and C. H. Brand. This petition set up

the defences that were contained in their affidavit of illegality, and detailed all the facts and circumstances touching their becoming securities on the replevy bond. It was further alleged that the judgment obtained on that bond was void, because this bond was prepared by Brand, the attorney of McCandless (this attorney having sworn out the attachment), and the amount thereof fixed by said attorney without the consent or knowledge of the sheriff; because the amount of the bond was excessive, its penalty being $650, when the property was of value not exceeding $100; and because the bond was never returned to the office of the clerk of the superior court before judgment, but was retained by the sheriff and never brought into court until judgment on it was about to be entered, and as it had never been filed, the case did not stand for judgment, and petitioners were thus deprived of examining it in the clerk's office. It was also alleged that, after the petitioners agreed to become sureties for the forthcoming of the property only, the sheriff agreed to have a forthcoming bond prepared, and applied to Brand to do so; that Brand knew that they had agreed to sign only a forthcoming bond, but he fraudulently drew a replevy bond for the eventual condemnation money, which they signed under mistake known to him; but still he took judgment thereon for the full amount of the debt, they not being present or represented, and therefore having no opportunity to defend; that the execution issued thereon was levied on the property replevied, which was sold thereunder to Brand, who was attorney for McCandless and receiver for Herrin & Turner, for $5; and that it has been levied on lands of one of the petitioners, and the same are advertised for sale. The prayer is for injunction to restrain such sale; and that the judgment be set aside and declared void, or for judg-

-ment against the defendants for the damage done peti-
.tioners.

. The answers of the defendants denied all the material
charges of the petition as to fraud, etc., and set forth
the circumstances to show their want of intention to do
any wrong. The prayer of the petition was denied,
and the complainants excepted.

T. M. PEEPLES and N. L. HUTCHINS, Jr., for plaintiffs
in error.

S. J. WINN, C. H. BRAND and HARRISON & PEEPLES,
*contra.*

SIMMONS, Justice.

. George P. and Robert Craig filed their petition in the
superior court of Gwinnett county, and prayed an order
enjoining the sheriff from levying a certain *fi. fa.* de-
scribed in this petition. Nearly every point in the pe-
tition was made in the affidavit of illegality which was
brought to this court at the last term, the case being re-
ported in 80 *Ga.* 709, under the name of *Craig et al. vs.
Herring & Turner, for use.* These points were then de-
cided adversely to these plaintiffs in error, and as to the
present case are *res adjudicata.* As to the new points
made in the petition, about the sheriff's failing to file
the bond, etc., they could have been made in the affi-
davit of illegality. As they could have been made and
were not made, it is too late to make them now in this
proceeding.

. As to the charges of fraud made in the petition against
Brand and McCandless, the new parties, it is sufficient
to say that they were denied by Brand and McCandless,
and as to this point we will not control the discretion
of the trial judge, who refused to grant the injunction.

For a discussion and decision of all the material points made in this petition, see *Craig vs. Herring, supra,* and authorities there cited.

Judgment affirmed.