### 636. ABBEVILLE TRADING CO. *et al. v.* BUTLER, STEVENS & COMPANY.

1. For one party to be affected by another's drunkenness he must either have contributed to it or have had knowledge of it. That one indorsed an obligation while in a drunken condition will not affect the rights of a payee who had no knowledge of such drunkenness and no hand in causing it. The payee must have been "cognizant of the fact."

(*a*) There was no evidence that the payee acted through an agent in obtaining the note.

(*b*) In the absence of evidence that the plaintiff (the holder of a promissory note indorsed by one of the defendants) either caused or knew of the drunken condition of a defendant at the time he indorsed the note in question, testimony that such indorser was in fact intoxicated when he signed his name as indorser presented no defense to an action brought against him to recover on the note.

2. Under the terms of the Civil Code, § 4961, an averment which is distinctly and plainly made in a distinct paragraph of the plaintiff's petition shall be taken as prima facie true, unless it is denied by the defendant's answer or it is stated therein that, because of the want of sufficient information, he can neither admit nor deny such averment.

3. Inasmuch as no other verdict than that directed could properly have been rendered by the jury, there was no error in overruling the motion for new trial.

Complaint, from city court of Abbeville—Judge Nicholson. May 25, 1907.

Submitted November 12,—Decided November 25, 1907.

*M. B. Cannon, E. H. Williams,* for plaintiffs in error.

*McDonald & Quincey,* contra.

RUSSELL, J. Butler, Stevens & Company sued the Abbeville Trading Company as principal, and W. B. Fussell and R. S. Bell as sureties, on two promissory notes, one dated April 4, 1905, for $1.046.89, with interest and attorney's fees, and the other dated May 15, 1905, for $1,040.89, with interest and attorney's fees. The Abbeville Trading Company admitted the allegations of the plaintiffs' petition, as to jurisdiction and as to the death of Lasseter, one of the indorsers, and that written notice as to the claim of attorney's fees, as provided by law, had been given. It denied indebtedness, and that Fussell and Bell indorsed the notes, and it set up certain payments which the answer averred should be allowed the defendants as credits. The defendant Fussell, for answer, alleged that he was so intoxicated at the time he signed

the note that he was completely and wholly deprived of reason, and that he had no knowledge of having signed the note, until notified by the service of the suit. He further alleged that the plaintiffs were instrumental in procuring said intoxication immediately before and at the time of the signature, through their agent, one S. P. Lasseter. At the conclusion of the evidence the judge directed a verdict for the plaintiffs against the Abbeville Trading Company as principal, and against R. S. Bell and W. B. Fussell as sureties, for $1,207.58, principal, with interest and attorney's fees. The defendants made a motion for a new trial, which was overruled; and exception is taken to this judgment.

On the trial the plaintiffs introduced the two promissory notes above referred to, one due November 1, and the other November 15, 1905, and admitted that there should be a credit amounting to $905.78, dated February 24, 1906, placed on the note due November 1, 1905. The testimony for the defendants was to the effect that the indorser Fussell was drunk at the time he signed his name. As to the degree of his drunkenness, the opinions of different witnesses varied. According to Fussell's own testimony he had been drinking very hard and continuously for fifteen or twenty years, but could write his name as well as any man when full of whiskey. The evidence further disclosed, that S. P. Lasseter, deceased, was president of the Abbeville Trading Company, and that Fussell, Bell, and one Wootten were its stockholders; that Fussell was manager of the guano and wagon department, and that the notes were attached to a draft deposited in the Citizens Bank of Abbeville, and the money proceeds were procured by the Abbeville Trading Company.

1. The main question presented by the record is, whether the indorser was relieved from liability if drunk at the time he entered into the contract. If his drunkenness was caused by any act of the holder of the note, it is certainly true that Fussell's contract of indorsement would be voidable at his option. It would not be absolutely void, because one who makes a contract when intoxicated may ratify it when perfectly sober; and if he has obtained anything of value by reason of the contract, he must rescind and offer to restore that which he has received. It is not insisted in this case by the defendants that the plaintiffs themselves caused the intoxication of Mr. Fussell, nor was there any evidence that the

plaintiffs knew of his drunkenness or that he was a drunkard. Section 3654 of the Civil Code is in these words: "A drunkard, when actually intoxicated to such an extent as to deprive him of reason, can make no valid contract with any one cognizant of the fact of his condition. If the party contracting was at all instrumental in producing the state of intoxication, the contract is invalid, however partial the intoxication may be." There was no evidence whatever that Butler, Stevens & Company, or any member of their firm, were present at the time of the signing of the note, or that they were cognizant of the fact of Mr. Fussell's intoxication; but counsel for the defendants insist that Lasseter was their agent. While it appears from the record that Lasseter and Fussell took only one drink together immediately previous to Fussell's signing the note, yet, under the provisions of the code section we have quoted above, the contract might be invalid, if Lasseter was the agent of the plaintiffs. All the evidence adduced, however, contradicts and denies that Lasseter was, in any sense, the agent of the plaintiffs. Lasseter was one of the four stockholders of the Abbeville Trading Company. He was the president and Fussell was the manager of one of the departments. The Abbeville Trading Company was trying to procure advances of money from the plaintiffs, for use in their business. The Abbeville Trading Company and the indorsers were in Abbeville; the notes, according to the testimony, were to be forwarded through the Abbeville Bank to the plaintiffs, presumably at Savannah, as the notes were payable in that city. The defendant failed absolutely to establish his contention that Lasseter was the agent of the plaintiffs. As remarked by Judge Bleckley in *Merck* v. *American Freehold Land Mortgage Co.*, 79 *Ga.* 231 (7 S. E. 268), "implications of agency are easily overstrained, misapplied, or otherwise abused." "A debtor is not the agent of his creditor in procuring security, though the creditor designate the very security required, and furnish to the debtor the instruments in writing which he demands to be executed by third persons as condition precedent to granting indulgence on the debt." *Campbell* v. *Murray*, 62 *Ga.* 87. There was not a single fact proved in this case from which the agency of Lasseter could have been implied. If it be conceded that he induced or caused Fussell's intoxication and worked a fraud upon him, Fussell's only recourse would have been against Lasseter.

*Craig* v. *Herring,* 80 *Ga.* 713 (6 S. E. 283). There was no evidence that the plaintiffs had any knowledge that Fussell was intoxicated when he signed the notes. We use the words "notes," though there was no evidence as as to the note dated April 4, and all of the evidence seems to have been directed to the note dated May 15, 1905.

For a party to be affected by another's drunkenness, he must either directly or indirectly have caused the intoxication, or must have had knowledge of it. To use the language of the code, he must have been "cognizant of the fact." Of course, if Butler, Stevens & Company had been bona fide purchasers, Fussell's defense would have been unavailable; but even as to the payees of a promissory note, drunkenness of one of the makers is no defense, if the business is such that the notes must be forwarded by mail, express, or other intermediary, and the holder of the note has no knowledge or reason to suspect that the paper in question was executed by one who was intoxicated. In such case he is not "cognizant of the fact." In Bank *v.* McCoy, 69 Penn. St. 204 (8 Am. R. 246), the reason for this ruling is fully stated. It is based upon the familiar principle that, of two innocent persons, he who rendered a wrong possible should suffer, rather than he who did nothing towards the creation of the wrong; which is merely an adaptation of the old saying of Lord Holt in 1 Salk. 289: "Seeing somebody must be a loser by this deceit, it is more reason that he that employs and puts a trust and confidence in the deceiver should be loser than a stranger."

There is no similarity between the case of an indorsement by an insane person and that of an indorsement by one who is deprived of reason by intoxication. The insanity is an inscrutable visitation of providence, the intoxication the voluntary act of the party himself. The drunkard gets drunk because he wants to get drunk. And in the absence of evidence that the plaintiffs either caused or knew of the drunken condition of the defendant Fussell at the time he indorsed the note in question, and the evidence for the plaintiffs fully establishing their case without contradiction, there was no error in directing a verdict for the plaintiffs. The fact that one has indorsed an obligation while intoxicated can not affect the rights of a payee who has no knowledge that the in-

dorser was drunk when he entered into the contract, and who had no hand in causing such intoxication.

2. The plaintiffs in error insist that the court erred in directing a verdict, (if for no other reason) because there was no evidence upon the subject of attorney's fees. There is no merit in this contention. According to the undisputed evidence, these notes were payable in Savannah, and provided for the payment of ten per cent. attorney's fees. The fifth paragraph of the petition alleged that "more than ten days prior to filing of this suit, petitioners gave written notice to the Abbeville Trading Company and to R. S. Bell and W. B. Fussell of their intention to bring suit for the amounts hereinafter stipulated, returnable to the November, 1906, term of this court, as provided by law, in order to collect the ten per cent. attorney's fees." In the answer of the Abbeville Trading Company this paragraph was admitted; and in the answer of Bell and Fussell it was not referred to. Under the Civil Code, §4961, "any averment distinctly and plainly made" in a plaintiff's petition, "which is not denied by the defendant's answer, shall be admitted as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such averment, because of the want of sufficient information." No proof was needed upon the subject of attorney's fees, because the defendants admitted a prima facie case. *Hight* v. *Barrett*, 94 *Ga.* 792 (21 S. E. 1008).

3. Whenever a verdict is directed, it is at the peril of the presiding judge, for if there be a single material fact in issue, the issue is for the determination of the jury. But inasmuch as no other verdict than that which was directed could properly have been rendered by the jury in this case, the direction of the verdict was not erroneous; and for that reason there was no error in overruling the motion for new trial.          *Judgment affirmed.*