## 6860. HALL *v.* LANGFORD.

BROYLES, J. 1. It did not appear from the showing on the defendant's motion for a continuance of the case, based on the absence of an alleged material witness, that the facts he expected to elicit from the witness would, as contended, amount to a legally sufficient defense to the suit; and the trial magistrate did not abuse his discretion in refusing to grant the continuance.

2. "In the absence of evidence that the plaintiff (the holder of a promissory note . . . ) either caused or knew of the drunken condition of a defendant at the time he indorsed the note in question, testimony that such indorser was in fact intoxicated when he signed his name as indorser presented no defense to an action brought against him to recover on the note." *Abbeville Trading Co.* v. *Butler*, 3 *Ga. App.* 138 (1*b*), 141 (59 S. E. 450).

3. The defendant's plea that the note was signed on Sunday, and therefore void, is without merit. The note itself bears date of June 14, 1912; this date was on a *Friday*, and it is not shown that the note was made on a different date. And further, "under the law of this State a contract executed on Sunday is not for that reason illegal, unless made in the prosecution of the ordinary business or calling of the party who assumes the obligation." *Dorough* v. *Equitable Mortgage Co.*, 118 *Ga.* 178 (45 S. E. 22). No proof of such fact appears.

4. "A mere failure by the creditor. to sue as soon as the law allows, or *negligence* to prosecute with vigor his legal remedies, unless for a consideration, will not release the surety." Civil Code, § 3544. "A mere forbearance towards the principal does not discharge the surety." *Crawford* v. *Gaulden*, 33 *Ga.* 173. And in the absence of notice to proceed, the surety is not discharged by failure to issue execution on a judgment obtained against the principal. *Crawford* v. *Gaulden*, supra.

5. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.*

DECIDED MAY 18, 1916.

Certiorari; from Franklin superior court—Judge Meadow. August 2, 1915.

*Adams & Johnson,* for plaintiff in error.

*S. B. Swilling,* contra.