Argued April 17, affirmed May 13, reconsideration denied
June 25, petition for review denied August 6, 1974

## STATE OF OREGON, *Respondent, v.* ROSE WILSON (No. C 73-07-2198 Cr), *Appellant.*

521 P2d 1317

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

## THORNTON, J.

Defendant was convicted of the crime of criminal activity in drugs, namely, furnishing heroin. ORS 167.207. The trial judge suspended imposition of sentence and placed defendant on probation for a period of five years, subject to certain express conditions. Defendant, for the first time on this appeal, objects to the condition

> "* * * (1) that should she [defendant] be found eligible by Lt. Riegel, she comply with the polygraph stipulation agreement entered into on this date * * *."

Defendant does not contest the fact that she agreed to, and executed, the polygraph stipulation; however, she now argues that the condition of probation which requires her to comply with this stipulation is an unconstitutional infringement upon her Fifth Amendment right against self-incrimination. Consequently defendant argues that this condition of her probation is invalid and asks this court to modify the terms of her probation so as to abrogate this condition. For the reasons which follow we must deny defendant's request.

The condition to which defendant now objects required her to submit to a polygraph examination every 90 days. The results of the examination can be used as evidence in further proceedings in this case and in determining defendant's probationary status; however the results cannot be used in any other case without defendant's consent. The stipulation further

provided that failure to submit to the examination, as required, is a ground for revoking defendant's probation.

In *State v. Bennett,* 17 Or App 197, 521 P2d 31, Sup Ct *review denied* (1974), the defendant executed a stipulation by which he agreed to take a polygraph examination and further agreed that the results of the examination would be admissible at his trial. We declined to consider the question of admissibility, holding that defendant's execution of the stipulation was an express waiver of any objection to admissibility. We said:

> "* * * To allow a litigant to challenge evidence received pursuant to such a written stipulation would in reality be tantamount to a finding of incompetence of counsel * * *." 17 Or App at 200.

Therefore, since defendant agreed to the polygraph stipulation, we do not reach the constitutional issue she now raises. *State v. Bennett,* supra; *see also, State v. Ross,* 7 Wash App 62, 497 P2d 1343, Sup Ct *review denied* (1972); *State v. Chambers,* 104 Ariz 247, 451 P2d 27 (1969); *State v. Valdez,* 91 Ariz 274, 371 P2d 894 (1962).

Defendant further argues that she did not freely and voluntarily enter into the polygraph stipulation. Her argument is that a choice between a lengthy period of incarceration and a waiver of her Fifth Amendment rights—execution of the polygraph stipulation—is no choice at all. We do not find that a choice such as faced defendant in this case vitiates her waiver.

In *North Carolina v. Alford,* 400 US 25, 91 S Ct 160, 27 L Ed 2d 162 (1970), the defendant pleaded

guilty to second degree murder solely to avoid the death penalty. The Supreme Court said:

> "* * * That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage * * *." 400 US at 31.

We conclude that there is no evidence on this record other than that defendant voluntarily and freely executed the polygraph stipulation. Our conclusion is further strengthened by the fact that defendant did not object to the condition at the time it was imposed on November 8, 1973, nor even when it was suggested by the trial judge at an earlier hearing on October 30. *See also, Chaffin v. Stynchcombe,* 412 US 17, 93 S Ct 1977, 36 L Ed 2d 714 (1973); *Brady v. United States,* 397 US 742, 90 S Ct 1463, 25 L Ed 2d 747 (1970).

Affirmed.