## 59340. MANN v. THE STATE.

CARLEY, Judge.

Appellant pled guilty to a charge of making terroristic threats and on July 21, 1978, received a five-year sentence to be served on probation, conditioned upon payment of a fine and regular monthly reporting to his probation officer. On October 17, 1979, appellant was served with a petition for revocation of probation in which his probation officer alleged that "[appellant] has not reported since the date of his sentence, July 21, 1978, and has never made a payment on his fine." On October 23, 1979, a hearing was held. On that date the trial court ordered that appellant's original sentence of probation be modified to include as condition thereof that he "take the PSE [Psychological Stress Evaluator] test every two (2) months." Also, the trial court ordered that appellant's probation be revoked and that he serve one year of his five-year sentence in jail. Appellant appeals.

1. Several enumerations of error relate to appellant's motion to disqualify the trial judge from presiding at the revocation hearing. The motion was denied. The stated ground for the motion was the trial judge's alleged bias and prejudice against appellant's counsel which would prevent the judge from being impartial towards his client. This is not a ground for judicial disqualification. "Under Canon 3 C. (1) (a) of [the Georgia Code of Judicial Conduct], a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where he has a *personal bias or prejudice concerning a party* . . . Consequently, where bias or prejudice of a judge has been shown concerning a party, it is error for the judge to hear and decide the case." (Emphasis supplied.) *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568) (1975). Any alleged prejudice or bias against the

party's attorney rather than the party himself is not, per se, grounds for disqualification. If it were, an attorney who felt himself to be the object of such bias would be the living embodiment of a limitation on the trial judge's power and responsibility to hear cases within the jurisdiction of the judge's court. If the attorney and his relationship with the judge is determinative of whether or not that trial judge is "qualified" to hear cases which are otherwise within his court's jurisdiction, that attorney, depending upon whether or not he moved to disqualify on these grounds, would have the ultimate power to confer upon or deny to the judge this jurisdictional power and authority. If this were so, in some circumstances it could be in the attorney's "interest" to cultivate the judge's prejudice so as to avoid appearance before him. Such an attorney could offer clients not only legal advice and representation but also their "choice" of judges. Obviously this form of "judge shopping" is not a power which the bar can exercise over the bench of this state. The solution to such a problem is that an attorney who fears that his client may suffer because of the judge's prejudice against counsel should decline the employment or should withdraw from the representation as being in the best interest of the client. We note that during oral argument in this court, appellant's counsel stated that he was employed by appellant — not appointed by the court; and at the time of his employment appellant's attorney harbored the same beliefs concerning the trial court's "prejudice" as those which were the basis for the motion that the trial judge disqualify himself.

The recent Supreme Court decision in *State v. Fleming,* 245 Ga. 700 (1980), does not, in our opinion, require a different result. In *Fleming,* it was held that "when a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." *Fleming,* supra, 702.

However, in the instant case, assuming the truth of all facts alleged by the appellant, the grounds urged as a basis for disqualification — unlike those advanced in *Fleming* — are legally insufficient. Therefore, the *Fleming* requirement that the motion be heard by another judge was not activated. The district attorney's affidavit in *Fleming* submitted in support of the motion to disqualify contained some twenty-nine allegations of prejudicial actions taken by the trial judge against the district attorney *in the pending case.* Under such circumstances, judicial prejudice against counsel, who is acting as the legal representative of a party, could vicariously result

in judicial prejudice against that represented party and his case. In such a case the judge's impartiality might reasonably be questioned. Here, however, appellant's motion to disqualify (which was unsupported by an affidavit) merely alleged prejudice based upon circumstances which had nothing whatsoever to do with actions taken by the trial judge against appellant's counsel during the judge's consideration of the pending revocation petition. All allegations of judicial prejudice against appellant's counsel were based upon circumstances and events which had absolutely no connection at all with counsel's representation of appellant at the revocation hearing. For such circumstances to amount to grounds for disqualification it would have to be presumed that judicial prejudice against counsel will automatically result in prejudice to the party and to his pending case. We do not find such allegations sufficient reason to reasonably question the judge's impartiality toward the party and his case.

We do not believe *Fleming* stands for the proposition that allegations of judicial prejudice against counsel based upon events or circumstances occurring outside the ambit of the then pending action are sufficient grounds for disqualification of the judge. To hold that such allegations of judicial prejudice against counsel based upon circumstances of no relevance to the pending case is a sufficient ground for disqualification would mean, in effect, that an attorney, who represents numerous clients in various civil and criminal matters, can transfer this "prejudice" from client to client so as to disqualify the judge from hearing the cases of parties against whom no bias is shown but who merely happen to be represented by this counsel. This could, we fear, result in an unfortunate potential "judge shopping" situation, seriously undercutting the administration of justice in this state. We, therefore, decline to hold that such extraneous allegations of judicial prejudice against counsel is a ground for judicial disqualification and a "benefit" of the employment which counsel can offer to his clients, resulting in a possible limitation on the exercise by trial judges of their jurisdictional duties and powers. There is too much potential in such a holding for abuse in encouraging the development of prejudicial relationships between the bar and bench of this state for purposes which frustrate rather than nurture the ends of impartial judicial administration.

For the reasons stated, we find there was no error in denying the motion to disqualify or in failing to have the motion heard before another judge. Nor was it error for the trial court to deny the motion for continuance in order that witnesses be subpoenaed to testify on the motion. The testimony of these as yet unsubpoenaed witnesses

was shown to be no more than "evidence" as to the trial judge's alleged prejudice and bias against counsel based upon events extraneous to counsel's representation of appellant. As this was not testimony which would amount to a sufficient ground for judicial disqualification, there was no abuse of discretion in refusing to grant the continuance. *Hall v. Langford,* 18 Ga. App. 73 (1) (88 SE 918) (1916).

Furthermore, our careful review of the transcript of the revocation hearing demonstrates absolutely no indication that the trial judge was in any way prejudiced against counsel, or against appellant or his case. *Cochran v. State,* 151 Ga. App. 478, 482 (6) (260 SE2d 371) (1979). The enumerations of error with regard to the denial of the motion to disqualify are without merit.

2. Under *Taylor v. State,* 229 Ga. 536 (192 SE2d 249) (1972), and the cases cited therein the refusal to provide a psychiatric examination of appellant was not error. "There was no special plea of insanity filed in the instant case and under such circumstances the granting of the motion for a psychiatric examination is within the sound discretion of the trial court. [Cits.]" *Holsey v. State,* 235 Ga. 270, 272 (219 SE2d 374) (1975). This rule attaches in probation revocation hearings as in the instant case as well as in criminal proceedings. *McCarty v. State,* 146 Ga. App. 389, 390 (3) (246 SE2d 416) (1978).

3. The evidence supports the finding that appellant was in violation of the terms and conditions of his probation in that he failed to pay the fine and failed to report to his probation officer.

4. Appellant enumerates as error the trial court's modification of his probation to include as a condition thereof submission to the psychological stress evaluator test every two months. It is urged that this condition violates appellant's Fifth Amendment privileges against compelled self-incrimination.

We note that appellant's *original* sentence of probation contained the following special condition: "Probationer shall submit to and cooperate with a lie detector test, psychological stress evaluation, and/or psychometric tests at any time, and from time to time, whenever so directed by the Probation Supervisor or any other law enforcement officer." Appellant signed this stipulation, indicating that he had read the conditions of his probation, that he understood them and also understood the consequences of failure to abide by them and that he freely and voluntarily accepted the conditions and agreed to abide by them as a condition of probation. Thus the instant modification of his probation did no more than specify a certain time — every two months — and a certain test — psychological stress evaluator — with reference to a special

condition of probation already agreed to by appellant.

"The probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved. Probated and suspended sentences, upon reasonable conditions, have traditionally been used by trial judges in Georgia as effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement. [Cits.]" *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974). We find no Georgia decisions dealing with the issue here — whether submission to lie detector tests is a reasonable condition of probation. However, we are persuaded by the analysis of this question in another jurisdiction that such a condition is in fact "reasonable" as against the attacks made by appellant. In the first instance, conditioning probation upon submission to a lie detector test does not violate Fifth Amendment rights *of a probationer.* "The intrusion into the area of self-incrimination is no greater [than a requirement that a probationer answer all reasonable inquiries of his probation officer]; its main function appears to be the added psychological factor that if the probationer fails to tell the truth, he will be detected. Such purpose would be in furtherance of a successful probation. Accordingly, we hold that a condition requiring the probationer to submit to polygraph tests does not violate the defendants' Fifth Amendment rights, and that the condition may be imposed, in the discretion of the trial judge, with no more than a general finding of the court that it is reasonably necessary to accomplish the purpose of probation." State v. Age, 590 P2d 759, 763 (Or. App. 1979). Compare *Inman v. State,* 124 Ga. App. 190 (183 SE2d 413) (1971). And furthermore, under the facts of the instant case, it is clear that by consenting to the original probationary conditions, appellant has waived his Fifth Amendment rights and may not now object. State v. Wilson, 521 P2d 1317 (Or. App. 1974) (cert. den. 420 U. S. 910, 95 SC 829, 42 LE2d 839 (1975)). Thus, we find the requirement that appellant submit to a Psychological Stress Evaluator test every two months a valid condition of his probation.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Argued February 13, 1980 — Decided April 30, 1980 — Rehearing denied May 20, 1980 — ▮▮▮▮▮▮▮▮▮

*James N. Finkelstein,* for appellant.
*William S. Lee, III, District Attorney, Hobart M. Hind,*

*Assistant District Attorney,* for appellee.