Argued and submitted August 3, affirmed October 10, reconsideration denied
November 23, petition for review denied December 11, 1984 (298 Or 334)

## STATE OF OREGON,
*Respondent,*

*v.*

## WAYNE RAY CRITES,
*Appellant.*

(83-60931; CA A31384)

689 P2d 353

Robert C. Homan, Staff Attorney, Public Defender Services of Lane County, Eugene, argued the cause and filed the brief for appellant.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant, having pled guilty to the misdemeanor crime of driving under the influence of intoxicants, ORS 487.540, seeks to have his probationary sentence set aside on the ground that he has the absolute right to reject probation and to insist on a sentence of straight incarceration. Because defendant's position is directly contrary to specific sentencing powers granted to this state's trial courts and cannot be reasoned in law, we affirm.

At the sentencing hearing, the trial court suspended imposition of sentence and placed defendant on unsupervised probation for a period of three years, subject to certain conditions—including, among other things—reporting to the Problem Drinker Clinic and attending whatever sessions they direct, taking Antabuse, suspension of his driving privilege for three years and 20 days in jail. Defendant's attorney then told the court:

> "Your Honor, [defendant] wants me to indicate to the Court that he does not wish to be placed on probation on the conditions that the Court set forth - that he does not feel he has transportation to or any way to attend the Problem Drinker Program, that he does not want to take Antabuse, and that for those reasons he does not want to be placed on probation."

The trial judge replied:

> "* * * [O]ne of the reasons why he's gonna have to do this is because he doesn't want to do it. One of the things [defendant] needs to do is to go ahead and face his problems. * * *"

The trial judge also explained:

> "It's not the function of this Court to impose sentences of convenience, but sentences which will help protect the public and serve the rehabilitation of persons in front of the Court."

It was at this point in the hearing that defendant's attorney told the court that his client "is rejecting the probation * * *." The trial judge then admonished counsel that, if defendant felt he was going to reject the probation, "he will find himself before this Court in very short order * * *."

On appeal, defendant argues that the trial court erred, because it had no option but to impose a sentence of

incarceration. We are unable to accept a notion that would allow a convicted defendant the opportunity to author his own justice.

■    We start with the basic premise that the authority to sentence defendants who have been convicted of crimes against this state is vested in the trial courts. Our criminal law specifies the sentencing limitations for each class of crime. For example, the offense in this case is a Class A misdemeanor, which carries with it a maximum sentence of one year in jail and a $2,500 fine. Under this state's statutory sentencing scheme, the court is granted a dispositional option of probation. ORS 137.010(2) and (3) provide, in pertinent part:

> "(2)   When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of sentence for any period of not more than five years. The court may extend the period of suspension beyond five years in accordance with subsection (3) of this section.

> "(3)   If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not more than five years * * *."

■■    The imposition of probation rests entirely in the trial court's discretion. *State v. Montgomery,* 237 Or 593, 594, 392 P2d 642 (1964). The discretion is guided by a balancing of considerations of public safety and rehabilitation of the person convicted of the crime. *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964). It is clear from a review of comments of the trial judge during the sentencing hearing that he did a careful balancing of these considerations.

■■    The grant of power evidences the legislature's judgment that in certain cases a period of probation, rather than incarceration, would best serve both society and the defendant. The court's probationary disposition in this case represents its judgment that probation will best serve those ends. Were a defendant allowed to negate legislative and judicial judgment merely because he dislikes probation, he would be placed in a decision-making position not provided for by the statute.

In his effort to convince us that his position is a

meritorious one, defendant refers us to what he believes to be the controlling case law. *State v. Culbertson,* 29 Or App 363, 563 P2d 1224 (1977); *State v. Wilson,* 17 Or App 375, 521 P2d 1317, *rev den* (1974), *cert den* 420 US 910 (1975).

Culbertson involved the warrantless search of probationer's house by his probation officer and a deputy sheriff. Because the initial entry was neither authorized by conditions nor based on probable cause, the suppression was affirmed. In so holding, we gratuitously discussed how conditions of probation may limit an individual's civil rights. In the context of that gratuitous discussion, we made the following statement, on which defendant relies:

> "* * * A convict may avoid such conditions by refusing probation, but, once he has accepted probation he is bound by its lawful conditions. * * *" 29 Or App at 372.

In *Wilson,* a probationer challenged the constitutional validity of a condition of probation which required her to take a polygraph examination every 90 days and to sign an agreement stipulating to the admissibility of the test results. She argued that forcing her to comply with the stipulation was a violation of her right against self-incrimination. We concluded that she had voluntarily executed the agreement and, therefore, did not reach the constitutional issue. We said that our conclusion was "further strengthened by the fact that [the probationer] did not object to the condition at the time it was imposed." 17 Or App 378. Defendant apparently equates the ability to object with the right to reject.

We are not bound by the isolated statements in those two cases. In neither case was a defendant's right to refuse probation before the court. Dicta which may have accidentally expressed a first impression is not persuasive. After consideration of the issue in a context where it is directly raised, we conclude that those earlier statements were wrong.

Defendant also looks to the Oregon Constitution for some help for his position. He points to Article I, section 15, which provides:

> "Laws for the punishment of crime shall be founded on the principles of reformation, and not on vindictive justice."

We fail to see how this provision is of any assistance to defendant. Evidently, he is suggesting that, if he does not

agree to probation, there can be no reformation, or else he is arguing that placing him on probation instead of putting him in jail is somehow vindictive. Again, that is not his decision. The law entrusts the court, not a defendant—and not the district attorney—to determine whether a probation will have a reformative effect. *State v. Hovater,* 37 Or App 557, 562-63, 588 P2d 56 (1978).

Affirmed.