## BOAZ *v.* JACKSON.

When an action brought under the pleading act of 1893 for the recovery of land in the possession of the defendant was at the trial term in default, and the allegations of the plaintiff's petition, taken as true, showed that the plaintiff was, as against the defendant, entitled to possession, there was no error in directing a verdict in the plaintiff's favor for the premises in dispute.

Argued June 15,— Decided July 25, 1898.

Complaint for land. Before Judge Candler. Gordon superior court. August term, 1897.

*Starr & Erwin, W. H. Dabney* and *T. W. Skelly,* for plaintiff in error. *R. J. & J. McCamy* and *J. C. Harkins,* contra.

LUMPKIN, P. J. The assignment of error in the present bill of exceptions is not clear and distinct. It appears, however, from the record that Mrs. Jackson brought an action against Boaz for the recovery of certain land of which he was in possession. The petition was framed under the pleading act of 1893, and set forth in orderly paragraphs all the facts relied upon for a recovery. Without going into a statement of its contents, it is sufficient to say that it made a case showing that, as against the defendant, the plaintiff was entitled to the possession of the land. At the trial term the case was apparently in default, and the question arose as to whether or not the defendant had filed an answer at the appearance term. Upon the facts presented, the judge held that no answer had been filed at that term, and struck an answer which had subsequently, without leave of the court, been filed by the defendant. After striking this answer, the court directed a verdict for the plaintiff for the premises in dispute. The bill of exceptions recites that the court sustained the plaintiff's motion to strike the defendant's answer, "and there being no claim for mesne profits, directed a verdict for the plaintiff for the premises in dispute, to which

ruling of the court the [defendant] then and there excepted and now assigns the same as error." Treating the language just quoted as assigning error upon both the striking of the answer and the directing of the verdict will surely be giving to the plaintiff in error the full benefit of all he can claim under this bill of exceptions. It will be observed that no exception is taken to the ruling whereby the court held that no answer was filed at the appearance term. This being so, it is certainly proper to regard the case as having been in default at the close of that term, and, in legal contemplation, it was still in default at the trial term, for the filing of the answer after the appearance term was totally unauthorized and counted for nothing. Under these circumstances, we think the trial court was right in directing a verdict for the plaintiff for the premises in dispute. The allegations of her petition stood admitted as the truth of the case, and, as above remarked, entitled her to a recovery of the possession of the property. It is true that this court, in the case of *Brewster* v. *Wooldridge,* 100 *Ga.* 305, decided that the common-law action of ejectment, as a remedy for the recovery of the possession of land and for trying questions of title, was not abolished by the pleading act of 1893. In other words, we held that, notwithstanding the passage of that act, any party might bring an action of ejectment in the fictitious form; but it was by no means ruled in that case that this was the exclusive method of suing for the recovery of realty, or that a person was not at liberty to bring a statutory action to recover the possession of land, and, in so doing, frame his petition in accord with the requirements of the act just mentioned. The plaintiff in the present case chose to bring her action under this act, and we are of the opinion that its provisions are applicable to the case.

*Judgment affirmed. All the Justices concurring.*