MITCHELL *v.* ALLEN *et al.* ·

LEWIS, J. 1. There was no abuse of discretion in denying, at the trial term of an action, a motion by the defendant to open a default, the recitals of fact set forth in the motion not disclosing any satisfactory reason for failing to answer at the proper time.

2. When, by reason of the defendant's failure to file an answer, the averments of the plaintiffs' petition are properly taken as true, and the court thereupon directs a verdict in the latter's favor, the judgment will not be reversed, when the only exception to this action by the court is that the plaintiffs should have been required to prove specified facts which are themselves sufficiently alleged in the petition. See *Boaz* v. *Jackson,* 105 *Ga.* 228.

*Judgment affirmed. All the Justices concurring.*

Argued November 4,— Decided December 2, 1899.

Motion to open default. Before Judge Littlejohn. Sumter superior court. May term, 1899.

*Blalock & Cobb,* for plaintiff in error.
*R. L. Maynard,* contra.

---

CENTRAL OF GEORGIA RAILWAY COMPANY *v.* HOLMES.

CENTRAL OF GEORGIA RAILWAY COMPANY *v.* SEIG.

COBB, J. The legal presumption against the railway company, upon which alone the right of the plaintiff in each of these cases to recover depended, having been fully overcome by uncontradicted testimony conclusively showing that the defendant's servants in charge of the train used due care and diligence to prevent the injuries complained of, the verdicts against the company were contrary to law and ought to have been set aside.

*Judgment in each case reversed. All the Justices concurring.*

Argued November 4,— Decided December 2, 1899.

Action for damages. Before Judge Littlejohn. Sumter superior court. May term, 1899.

*William D. Kiddoo* and *J. B. Hudson,* for plaintiff in error.
*J. A. Ansley* and *J. A. Ansley Jr.,* contra.