1102. NEY & COMMINS *v.* CLERE CLOTHING COMPANY.

RUSSELL, J. 1. The decision in this case is controlled by the ruling in *Bedingfield* v *Bates Advertising Co.*, 2 Ga. App. 107 (58 S. E. 320). No amendment being offered in response to the special demurrers, these were properly sustained, and, the answer thus being so irretrievably mutilated as to set forth no defense, the plea as a whole was properly stricken on general demurrer.

2. The defendant's plea having been stricken and the case being in default, judgment was properly rendered in behalf of the plaintiff.

*Judgment affirmed.*

Complaint, from city court of Macon—Judge Hodges. March 21, 1908.

Submitted May 8,—Decided December 22, 1908.

Clere Clothing Company sued Ney & Commins for $149.89, as a balance due on an open account consisting of items of clothing, dated February 13 and April 13, 1907, and of the following item: "July 16, To protest on check of Ney & Commins, $1.50." The defendants filed a plea and answer, which, after admitting the allegation as to their place of residence, was in substance as follows: (Paragraph 2) Defendants deny the second paragraph of plaintiff's petition (which alleges indebtedness). (3) They admit refusal to pay, and they deny that they are indebted to the plaintiff in any amount. (4) They allege that instead of being indebted to the plaintiff, the plaintiff is indebted to them in the sum of $21.22, as shown from the following facts: In the fall of 1906 defendants gave to plaintiff an order for the goods specified in the account attached to the plaintiff's petition. It was a material part of the contract between defendants and plaintiff for the shipment of these goods that all of the goods ordered should be delivered to the defendants during the months of January, February, and March, 1907. This was contracted and agreed to inasmuch as the goods ordered were intended for defendants' Easter and spring trade, and were useless or worthless to them if received later than March, 1907. The plaintiff violated this contract, in that the goods specified in the item dated April 13, amounting to $118.50, in the account sued on, were not shipped and delivered until some time in May, 1907. Defendants had ordered these goods to sell, and had a profit in them of 50 per cent. principal, with interest at 7 per cent. since April 1, 1907, amounting to $3.80, being a total amount of $63.05, which plaintiff has injured and damaged defendants by the above-stated breach of contract. Defendants had calls for these goods, which they were unable to fill, and had ordered them for the purpose of filling these orders, and, if plaintiff had carried out the contract, would have filled the said orders and would have realized a profit of $63.05 as above stated. For this sum they ask for judgment by way of recoupment against plaintiff for the damage caused by the said breach of contract. (5) The premises considered, for the $63.05 defendants ask for judgment against plaintiff by way of set-off, by

reason of the said damage. (6) Replying to the item as to pro-
test of check, defendants aver that they sent said check to plain-
tiff on July 1, 1907. They had the money in the bank to pay the
check, and it would have been paid if plaintiff had been diligent
in depositing it in bank for collection, as the law requires. The
check was mailed to plaintiff, in Macon, Georgia, in the post-office,
on July 1, 1907, postage prepaid, and addressed to plaintiff at
Syracuse, N. Y. Plaintiff had a week within which to cash the
check, and plaintiff's own negligence caused plaintiff to hold out
the check until the failure of the Exchange Bank of Macon, on
which the check was drawn. Defendants are not liable to protest
fees on the check, under this statement of facts. (7) Defend-
ants admit that they bought the bill of goods dated February 13,
1907, amounting to $427, but aver that they paid it in full, less a
discount of 7 per cent., which they have not paid, which with in-
terest amounts to $31.83. (8) Defendants in good faith, and
rather than have trouble or litigation with plaintiff, offered to
plaintiff's legal representative and a representative of plaintiff's
house to pay this $31.83, provided plaintiff would withdraw any
claim for the bill of goods dated April 13, 1907. (9) Defend-
ants have never received or accepted the bill of goods dated April
13, 1907. When said goods reached Macon, in May, 1907, defend-
ants refused to receive them from the railroad, and so notified
plaintiff, and turned over to plaintiff's attorney the card from the
railroad which would have authorized the holder to take out the
goods. Defendants are advised and believe that plaintiff has taken
back said goods and now has them.—Wherefore defendants allege
that they are not indebted in any amount to plaintiff, but that
plaintiff is indebted to them the difference between $63.05, the dam-
age they incurred by the plaintiff's conduct, and $31.83, the 7 per
cent. discount on $427 with interest, this amount being $21.22;
and for this amount defendants ask judgment against plaintiff.

The plaintiff filed a general demurrer to the answer, besides de-
murring specially as follows: To paragraphs 2 and 3, because in-
consistent with admissions in paragraphs 6, 7, and 8, the admis-
sions being taken most strongly against the pleader; also because
each of said paragraphs is irrelevant and immaterial. To para-
graph 4, because no sufficient facts are set forth by reason of which
defendants are entitled to damages; the damages sought being con-

tingent and remote, and not within the contemplation of the parties at the time of their dealings with reference to the subject-matter. To paragraph 5, because it sets forth no defense, and is irrelevant and superfluous. To paragraph 6 for the same reason. It fails to state why the check was protested, or how and why plaintiff was negligent in collecting it, or that plaintiff had notice or knowledge of within what time it had to be collected, and fails to state facts which would show that plaintiff was negligent in the ordinary course of business in the collection of the check, without having knowledge or notice of the limit of time in which it could be collected. To paragraph 7, because it sets forth no defense and is irrelevant. To paragraph 8, for the same reason, and because it is insufficient as an averment of tender. To paragraph 9, because it sets forth no defense; also because it sets forth no sufficient reason in law why defendants declined to accept the shipment; and further because it fails to state when the card from the railroad was turned over to plaintiff's attorney, and for what purpose. To the last paragraph because it sets forth no defense and is irrelevant. The court sustained each of the special grounds of demurrer, as well as the general demurrer, and struck the answer, and then rendered judgment against the defendants for the amount sued for. They excepted to the judgment on the demurrer, and also to the final judgment.

*Feagin & Urquhart,* for plaintiffs in error, cited: 1 Parsons on Contracts (9th ed.), 602-3, and cit.; 115 U. S. 188-203; 88 *Ga.* 326; 3 Enc. Dig. Ga. R. 511, sec. 5 (*a*) ; Civil Code, §3675, par. 8; *R. M. Charl.* 414.

*T. E. Ryals,* contra, cited: 2 *Ga. App.* 107; 125 *Ga.* 408, 411; 108 *Ga.* 794; 81 *Ga.* 285 (1) ; 105 *Ga.* 276, 278.