METHODIST EPISCOPAL CHURCH SOUTH v. DUDLEY SASH, DOOR, AND LUMBER COMPANY.

HOLDEN, J. 1. The defendant in error (hereinafter called the plaintiff) brought an action to foreclose a materialman's lien on the property of the plaintiff in error (hereinafter called the defendant) to the October term, 1909, of the court. At the April term, 1910, the defendant filed a plea, which the court struck at the October term, 1910, at which term a verdict was directed by the court in favor of the plaintiff. The defendant made a motion for a new trial, which the court overruled on November 18, 1910, on which date defendant tendered and had certified a bill of exceptions, in which complaint was made that the court erred in striking the plea and overruling the motion for a new trial. Held, the certificate of the clerk showing that the October term, 1910, of the court adjourned on October 13, 1910, the bill of exceptions presented on November 18, 1910, will be treated as having been presented after the adjournment of the court, though the bill of exceptions recites that it was presented during the October term, 1910, of the court and within the time required by law.

2. No exception pendente lite having been filed to the order striking the plea, and the bill of exceptions complaining that the court erred in refusing a new trial and in striking the plea having been presented more than 30 days after the adjournment of the court, the assignment of error that the court erred in striking the plea cannot be considered.

3. A ruling of the court in striking a plea cannot be made the ground of a motion for a new trial. Hawkins v. Studdard, 132 Ga. 265 (63 S. E. 852, 131 Am. St. R. 190).

4. Where a suit is brought, with allegations regularly stated in paragraphs, as required by the Civil Code (1910), §§ 5538, 5539, in an action other than one for unliquidated damages or based on an unconditional contract in writing, and the writ or process has been served as the law directs on the defendant, and there is no defense made by the party sued either in person or by attorney at the time the case is submitted for trial, it will be considered in default, and the plaintiff shall be permitted to take a verdict as if each and every item and paragraph were proved by testimony. Civil Code (1910), § 5662.

(a) The provision of the code stated in the preceding headnote applies to a suit by a materialman to enforce his claim of lien upon real estate for materials furnished to a contractor for the improvement thereof.

5. In such a suit it should have been alleged that the contract price was equal to or greater than the amount of the lien sought to be foreclosed; but the absence of such an allegation was an amendable defect.

6. Where in such an action the plea of the defendant was stricken and the case proceeded to trial without any defense, the admission by the court of evidence to prove that the contract price was greater than the amount of the lien claimed will not require the grant of a new trial, although the petition did not allege such fact; it not appearing that any objection was made to the introduction of such evidence. *Royal* v. *McPhail*, 97 *Ga.* 457 (25 S. E. 512); *Cotton States Life Ins. Co.* v. *Edwards*, 74 *Ga.* 220.

7. Where, on motion of counsel for the plaintiff, the answer of the defendant was stricken, and thereafter the counsel for the plaintiff asked the counsel for the defendant if they would admit the extent of the indebtedness of the property owner to the contractor, and counsel for the defendant declined to make any admission, and thereupon the court stated to counsel for the plaintiff that he could not ask defendant for admissions as to any other matter, as such defendant was out of court and had nothing to say as to the further proceedings in the case, this was a ruling against the plaintiff, precluding him from calling on the defendant, or defendant's counsel, for admissions; and although the reason assigned by the court for such ruling may have been broadly stated, it did not constitute a ruling against the defendant as to any particular question. If the defendant desired to invoke a ruling of the court as to any point, it was incumbent upon it, or its counsel, to raise such point and invoke such ruling as a basis of a motion for a new trial or a bill of exceptions. If no point or question was raised in its behalf, and no ruling made against it by the court, the admission of evidence without objection could not, after verdict, be made the basis of a motion for a new trial because of such general statement by the court in restraining the plaintiff's counsel from seeking to obtain admissions.

8. When the case proceeded as in default, the allegations in the petition and the evidence introduced without objection were sufficient to authorize the direction of a verdict in favor of the plaintiff.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

OCTOBER 28, 1911.

Lien foreclosure.   Before Judge Hammond.   Burke superior court.   November 18, 1910.

*A. P. Bell, C. B. Garlick,* and *E. H. Callaway,* for plaintiff in error.

*H. J. Fullbright,* contra.