WATSON & STRICKLAND *v.* PARIAN PAINT COMPANY.

LUMPKIN, J.  1. A demurrer to an action brought in the superior court on an open account, on the ground that the items of the account are not sufficiently specific, should be filed at the first term.

2. The open account involved in this case had certain headings, such as, "Articles," "Size package," "Price," "Amount." Under each head were written certain letters and figures, such as "30 gals., # 39, blk., 1.05, 31.50." Accompanying these items were dates. In some cases there were added words descriptive of the articles, such as "Stucco," "Pekin br.," and "Raw oil." *Held,* that the suit was not so fatally defective that a defendant who failed to demur or plead at the first term, after entry of default, could, at the trial term, without moving to open the default, have the case dismissed on motion on the ground that no itemized account was attached to the suit "that is sufficiently legible and intelligible as to put defendant upon notice of what the suit is intended to cover," and that "the statement of account was so vague and indefinite as that no valid judgment could be rendered on the suit."

(a) Such a motion was properly overruled. *Central Ry. Co.* v. *Motz,* 130 *Ga.* 414 (61 S. E. 1).

3. At the trial, no defense having been filed, and the case being in default, there was no error in directing a verdict in favor of the plaintiff for the amount due on the account.  Civil Code, § 5662.

(a) No question having been raised as to the service, and the entry of

service not having been brought to this court, it will be presumed that due service was made. *Judgment affirmed. All the Justices concur.*
AUGUST 19, 1912.

Complaint. Before Judge Edwards. Haralson superior court. January 20, 1911.

*G. R. Hutchens,* for plaintiff in error. *B. F. Boykin,* contra.

