## ATKINSON, receiver, *v.* OLMSTEAD.

FISH, C. J. 1. The plaintiff brought an action against the receiver of a railroad company. The defendant filed demurrers to the petition, which were overruled, and exceptions pendente lite were filed. On the trial, upon the conclusion of the evidence in behalf of the plaintiff, the defendant moved for a nonsuit, which was refused; and exceptions pendente lite to this ruling were filed. A verdict was rendered for the plaintiff. The railroad company moved for a new trial, which was refused. The respondent to the motion at no time raised the point before the trial court that the company, not being a party to the action, was not authorized to make the motion. Upon the call of the case in the Supreme Court, the defendant in error moved to dismiss the bill of exceptions, upon the ground that the railroad company was not a party to the case and therefore had no right to move for a new trial or to sue out a writ of error complaining of the overruling of such motion. The receiver, in response to the motion to dismiss, asked that the bill of exceptions be so amended as to insert his name in lieu of the railroad company as plaintiff in error. *Held:* (*a*) The motion to amend the bill of exceptions, so as to make the receiver the plaintiff in error in lieu of the railroad company, is allowed. (*b*) The motion to dismiss the bill of exceptions is overruled. See *Gate City Terminal Co.* v. *Thrower,* 136 *Ga.* 456 (1), 460 (71 S. E. 903).

2. The assignment of error upon the overruling of the demurrers to the petition, not being referred to in the brief of counsel for the plaintiff in error, is considered abandoned.

3. The instructions to which exceptions were taken were not erroneous for any reason assigned.

4. The original petition alleged that the cause of action—the burning of the plaintiff's property by the alleged negligent acts of the defendant's employees—originated in Fayette county, where the suit was instituted. This allegation was not denied, nor was it averred in the answer that the defendant could neither admit nor deny it for lack of information in reference thereto, although the answer did deny that the value of the property alleged to have been burned was as set forth in the petition, and averred that the defendant could neither admit nor deny the allegation as to the ownership of such property. *Held,* that the plaintiff was not bound to prove, on the trial, that the cause of action originated in the county where the suit was brought (Civil Code, § 5539), under the general rule as provided in the Civil Code, § 2798.

5. The verdict was authorized by the evidence, and there was no error in refusing a new trial. *Judgment affirmed. All the Justices concur.*
JUNE 11, 1913.

Action for damages. Before Judge Daniel. Fayette superior court. July 17, 1912.

*Rosser & Brandon, Colquitt & Conyers,* and *Blalock & Culpepper,* for plaintiff in error.

*John M. Graham* and *J. W. Wise,* contra.