GLENNVILLE INVESTMENT COMPANY *v.* JORDAN & ROGERS.

HILL, J.   1. This court is without jurisdiction to consider exceptions to the overruling of a motion to dismiss a case, where such ruling occurred more than one year prior to the tender of the bill of exceptions, and where no exceptions pendente lite were filed.   In this case it was more than a year from the date of the ruling complained of to the date of the tender of the bill of exceptions.

2. Where suit is brought by an attorney at law for his clients as payees,

against the maker of a promissory note, for principal, interest, attorney's fees, and certain equitable relief, and before the trial of the case the parties settle it among themselves, without the knowledge or consent of the plaintiffs' attorney, who is not paid his fees, he may prosecute the original suit for the purpose of recovering his fees. Civil Code, § 3364.

(a) In such a case, where no defense is filed by the defendant in the original suit, who has been legally served with process, etc., the defendant shall be considered in default, and the plaintiffs shall be permitted to take a verdict as if every item and paragraph were proved by testimony. Civil Code, § 5662; *Mitchell* v. *Allen*, 110 *Ga.* 282 (34 S. E. 851); *Boaz* v. *Jackson*, 105 *Ga.* 228 (31 S. E. 163); *Watson* v. *Parian Paint Co.*, 138 *Ga.* 621 (75 S. E. 608).

(b) The plaintiffs' attorney having in such way made out the case of the plaintiffs against the defendants in the original suit, and having proved his employment, the value of his services as attorney at law in such case, the fact that he had never been paid, and the settlement of the case, a finding by the jury in his favor was authorized. The court did not err in overruling the motion for a new trial. Civil Code, § 3364.

> *Judgment affirmed. All the Justices concur.*
> AUGUST 10, 1915.

Complaint. Before Judge Sheppard. Tattnall superior court. May 23, 1914.

L. L. Thomas, an attorney at law, brought suit in the superior court for his clients, Jordan & Rogers, against the Glennville Investment Company upon a promissory note for $3,000 principal, with interest and ten per cent. attorney's fees, and for certain equitable relief. Before trial the suit was settled between the parties, without the knowledge of the plaintiffs' attorneys, the plaintiffs receiving the full amount of the note, except attorney's fees; and the case was marked across the face of the docket "X.R.," which the clerk of the court testified was in the handwriting of the presiding judge. There was a pencil memorandum on the docket, made by some one other than the judge, as follows: "Upon motion of plaintiff's counsel this case is dismissed as to W. U. Rogers, the case of Rogers & Jordan retained on docket to settle question of lawyer's fees." Thomas was not paid any fee; and the present proceeding is the prosecution of the suit by him for his fees. Upon call for trial, the defendant moved the court to strike the case from the docket, on the ground that at the April term, 1908, which was the appearance term, the case was dismissed and stricken from the docket by the presiding judge. In support of the motion the clerk of the court testified: He was clerk of that court during the years

1908-1910, inclusive. The entry "X.R." was made on the docket by Judge Rawlings, who was judge of the court at the time the entry was made. About a year afterwards, Mr. Thomas, the attorney, asked the clerk to redocket the case, claiming that he wanted to proceed for his fees. It was redocketed by the clerk, but there was no order of the court to do so.

The court overruled the motion to strike the case from the docket. A verdict in favor of the plaintiffs was rendered. A motion for a new trial was overruled; and the defendant excepted to each of the rulings just stated.

*E. C. Collins* and *Hines & Jordan,* for plaintiff in error.
*Way & Burkhalter,* contra.