### 9174. JELKS *v.* WESLEYAN FEMALE COLLEGE.

BLOODWORTH, J. 1. The court did not err in sustaining the demurrer to the plea.

2. The plea having been stricken, the paragraphs of the petition were left undenied; and as they were properly paragraphed and the averments therein were "distinctly and plainly made," it was not necessary to submit proof of them. Civil Code (1910), §§ 5538, 5539, 5662; *Jester* v. *Bainbridge State Bank*, 4 Ga. App. 469 (5), 475 (61 S. E. 926); *Ney* v. *Clere Clothing Co.*, 5 Ga. App. 325 (2) (63 S. E. 143); *Methodist Episcopal Church* v. *Dudley Sash &c. Co.*, 137 Ga. 68 (4), 69 (72 S. E. 480).

3. The defendant's plea having been stricken, the case was in default, and judgment was properly rendered at the first term. The act creating the city court of Macon expressly provides for this. See Ga. Laws 1900, p. 144, sec. 4.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

DECIDED JULY 9, 1918.

Complaint; from Bibb superior court—Judge Mathews. July 24, 1917.

Wesleyan Female College sued Mrs. Jelks on a promissory note for $8,300 and interest, payable to the plaintiff and secured by her deed to certain realty. In her answer she denied indebtedness on the note. She admitted having signed "a certain promissory note which was probably in the amount sued for," but alleged that at the time of signing it she did not know that the note was payable to Wesleyan Female College, the payee not being named. She admitted that she signed the security deed, but alleged that she was not advised at the time of signing it that the deed was made to Wesleyan Female College, that she was advised that it was to be 'executed to other and different parties. She alleged further as follows: Defendant's husband, T. M. Jelks, is a member of E. N Jelks Brick Company, a partnership, which owed to the Commercial National Bank a considerable sum of money. The bank insisted that this loan be reduced, and finally E. N. Jelks, brother of defendant's husband, and J. J. Cobb, vice-president of the Commercial National Bank, prevailed upon her to sign a paper calling for a loan of approximately $8,000, as she understood, which was to be applied at the bank in reducing the debt of her husband and E. N. Jelks. She protested against mortgaging her property, but was advised by the above-mentioned parties that her failure to do so would mean bankruptcy for her husband and her brother-in-law.

30

She never made application to Wesleyan Female College or to any other person for a loan, but certain papers were sent to her by E. L. Jelks and J. J. Cobb with a line marked which she was instructed to sign, and the remainder of the paper was not filled out; so she signed the paper at the place indicated and sent it to Mr. Cobb at the Commercial National Bank, "who afterwards signed said paper as a witness." She thought that the paper was being executed in favor of the Commercial National Bank. She never had any negotiations with Wesleyan Female College, and never received, saw, or handled any money realized from this alleged loan, or knew what disposition, if any, was made of it; nor did she ever realize any benefit from the loan. J. J. Cobb was vice-president of the Commercial National Bank and a trustee of Wesleyan Female College at the time of this transaction, and, in addition to being one of the trustees to whom was entrusted the actual management of that institution, he was chairman of a special committee known as the loan committee of Wesleyan, the duty of which was to pass on all applications for loans. He knew that the money derived from the deed to secure the debt was to be applied on the debt of defendant's husband, and knew that she never received or saw any of the money, and that no benefit accrued to her from this transaction; and the plaintiff corporation knew the same state of facts. Neither the plaintiff nor any of its agents turned over to defendant the amount sued for or any amount; and she does not know whether or not the plaintiff let any one have the amount sued for; and if so, it was done without authority from her. The plaintiff knew all the facts recited above, and, as a matter of law, was charged with notice of these matters, inasmuch as its agent, J. J. Cobb, knew them.

The defendant demurred generally and specially to the plea, and the court sustained the general demurrer and struck the plea.

W. D. *McNeil*, for plaintiff in error, cited: *Brobston* v. *Penniman*, 97 *Ga.* 527 (2) ; *Morris* v. *Georgia Loan Co.*, 109 *Ga.* 12 (2) ; *Fouche* v. *Merchants Nat. Bank*, 110 *Ga.* 827 (3) ; *Bank of St. Marys* v. *Mumford*, 6 *Ga.* 44; *Sutton* v. *Aiken*, 62 *Ga.* 734; *Mercer* v. *Morgan*, 136 *Ga.* 632; *Veal* v. *Hurt*, 63 *Ga.* 728; *Freeman* v. *Mut. Bldg. Asso.*, 90 *Ga.* 190; *Lewis* v. *Howell*, 98 *Ga.* 428; *Chastain* v. *Peak*, 111 *Ga.* 889.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier*, contra,

cited: Park's Code, §§ 5538-9, 5662; *Fowler* v. *Rome Dispensary,*
*5 Ga. App. 36* (5); *Bedingfield* v. *Bates Adv. Co., 2 Ga. App.* 107;
*A. C. L. R. Co.* v. *Hart L. Co., 2 Ga. App.* 88 (3); *Thomas* v.
*Siesel, 2 Ga. App.* 663; *Levy* v. *Bixler Co., 20 Ga. App.* 766; *Sloan*
v. *Bank, 20 Ga. App.* 123; *Rood* v. *Wright,* 124 *Ga.* 849; *Third
N. Bank* v. *Poe, 5 Ga. App.* 114 (1b); *Johnson* v. *Leffler Co.,* 122
*Ga.* 670; 9 R. C. L. 722; *Carswell* v. *Hartridge,* 55 *Ga.* 412; Park's
Code, § 4242; Ga. L. 1900, p. 144, sec. 4; *Ney* v. *Clere Clo. Co.,
5 Ga. App.* 325.