9475.   PARKER, administrator, *v.* WILLIAMS.

1. The grounds upon which it was contended the plaintiff's petition should be dismissed (that he had brought and dismissed two suits upon the cause of action sued on in this case, and that the date of filing of the petition had been altered) are not supported by the record.

2. On the trial of an action against an administrator, on an account against the decedent, testimony that just before the decedent's death he told his son that he owed the plaintiff four or five hundred dollars

was not inadmissible in behalf of the plaintiff, on the grounds that it was hearsay and that it was uncertain as to the amount. due.

3. Even if the statements of account admitted in evidence, over the objection that there was no proof of their correctness, were not admissible for the purpose of showing that a statement of the account sued on had been rendered to the decedent through his son, the admission of this evidence was not such harmful error as would require the grant of a new trial.

4. Testimony as to the market price of guano in the year in which the guano in the account sued on was delivered to the decedent was admissible in behalf of the plaintiff, under the allegations of the petition.

5. There was no error in admitting in evidence the plaintiff's letter to the decedent, over the objection that it could not bind the decedent or his administrator.

6. Where an averment plainly and distinctly made in a plaintiff's petition is not denied or referred to in the answer, the averment must be taken as prima facie true.

DECIDED OCTOBER 22, 1918.

Complaint; from Talbot superior court—Judge Howard. December 1, 1917.

*A. P. Persons, J. J. Bull & Son,* for plaintiff in error.

*John A. Smith,* contra.

HARWELL, J. Williams sued the administrator of J. T. Parker's estate, alleging, in paragraph 4 of the petition, that Parker at the time of his death was indebted to the plaintiff in the sum of $520.11 principal, upon an open account (attached to the petition), for fertilizers which it stated were furnished to make crops on the plantation of J. T. Parker for the year 1911. The defendant answered, admitting the 2d, 3d, and 5th paragraphs of the petition (as to the appointment of the administrator and as to refusal to pay), and denying the 4th paragraph, but making no reference to the 6th paragraph, in which it is alleged that "said account is due and unpaid." The defendant moved to dismiss the petition, upon certain grounds, which the court overruled, and exceptions pendente lite were filed. The jury trying the case found for the plaintiff, and defendant filed a motion for new trial, which the court overruled, and the movant excepted.

1. The bill of exceptions refers to "certain motions and objections, which said motions and objections were overruled," and states that "the defendant filed his exceptions pendente lite, which were certified by the judge as correct, allowed, and made a part of the record;" but it does not appear from the bill of exceptions what these "certain motions and objections" were. Taking it for

granted, however, that they were the motions to dismiss the petition, upon the ground that the plaintiff had already brought and dismissed two suits upon the same cause of action, and also upon the ground that the date of the filing of the petition had been altered from September 20th to September 29th, there was no merit in the motions; for the facts as stated in the exceptions pendente lite and as certified by the trial judge do not support the contention of the plaintiff in error.

2. The testimony of J. C. Parker as to an admission of the decedent, to wit: "Before my father's (J. T. Parker's) death he told me that he owed plaintiff four or five hundred dollars," to which the defendant objected on the ground that it was "hearsay, and vague and uncertain as to the amount owed by J. T. Parker," was properly admitted.

3. We cannot say that the statements of account referred to in the second special ground of the motion for a new trial (which were admitted in evidence over the objection that there was no evidence of their correctness), were not admissible for the purpose of showing that a statement of the account had been rendered to the decedent through his son. If there was any error in admitting these statements, it was not such harmful error as would require the grant of a new trial.

4. Under the allegations of the petition there was no error in admitting the testimony offered by the plaintiff, showing the price of guano in 1911, the year in which the guano in the account sued on was delivered by the plaintiff to the decedent.

5. There was no error in admitting in evidence the letter from the plaintiff to the decedent, over the objection that "it can not bind J. T. Parker or his administrator." This letter came from the possession of the decedent, through his son.

6. The last three grounds of the motion for a new trial are merely amplifications of the general grounds. The verdict was for $520.11. It is insisted by the plaintiff in error that there is no evidence to sustain the verdict for this amount. There was testimony, offered by the plaintiff, to show that the guano in the account sued on was delivered to the decedent in the year 1911, and that the account was correct in that respect; that this total amount was purchased by the decedent, who bought this guano for his tenants. There was testimony showing the market value of the

guano in 1911. If there was no express contract of purchase, the decedent, if the guano was delivered to him and he used it, would be impliedly liable for its value. As to the account being unpaid, the evidence of the plaintiff showed that J. T. Parker died in the early part of 1912, and just before he died (according to one witness, two or three days before his death) he said that he owed the plaintiff four or five hundred dollars, and that he would have to raise some money to pay the plaintiff. If, however, this was not sufficient to establish non-payment of the account by the decedent, the petition, in the 6th paragraph, alleged that "said account is now due and unpaid." The answer specifically admits or denies the other paragraphs of the petition, but does not mention the 6th paragraph. The 4th and last paragraph of the answer simply says that "the estate of J. T. Parker is not indebted to the plaintiff in the sum therein alleged." This by itself sets up no defense. *Hicks* v. *Hamilton,* 3 *Ga. App.* 112, 116 (59 S. E. 331), and cases cited. "Under the pleading act of 1893, a mere plea of 'not indebted,' it being simply a plea of the general issue, does not in law amount to a denial of averments distinctly and plainly made in the plaintiff's petition, and all such averments not otherwise denied are to be taken as prima facie true." *Smith* v. *Holbrook,* 99 *Ga.* 256 (2). There being no denial of the paragraph alleging that the account is due and unpaid, this allegation of the petition will be taken as prima facie true. Civil Code (1910), § 5539; *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874); *Brown* v. *Tomberlin,* 137 *Ga.* 596 (*b*) (73 S. E. 947); *Abbeville Trading Co.* v. *Butler,* 3 *Ga. App.* 138 (2), 142 (59 S. E. 450); *Jester* v. *Bainbridge State Bank,* 4 *Ga. App.* 469 (5), 475 (61 S. E. 926).

We think, therefore, that the verdict was authorized by the evidence; and, the verdict being approved by the trial judge, this court will not interfere.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*