BROWN *et al. v.* HAMMOND, trustee.

HILL, J. "In all cases, except actions for unliquidated damages and suits on unconditional contracts in writing, in the several courts of this State, where the writ or process has been served, as the law directs, on the defendant, and there is no defense made by the party sued, either in person or by attorney, at the time the case is submitted for trial, the case shall be considered in default, and the plaintiff shall be permitted to take a verdict as if each and every item and paragraph were proved by testimony." Civil Code (1910), § 5662. Accordingly, where an equitable petition was filed to cancel certain deeds on the ground of fraud in the execution thereof, and the defendants in the suit were served with a copy of the petition, but did not answer the petition at the first term of the court, and there was no appearance for the defendants, and no entry of "default" made on the docket, and where at the second term of the court the attorney for the defendants had leave of absence on account of his serious illness, and where, just before the adjournment of the second term of court, the plaintiffs' attorney called up such case and, no answer or defense hav-

ing been filed, asked the court to direct a verdict for the plaintiff, which was done without the introduction of evidence, and judgment was entered accordingly; and where during the same term of court the defendants' attorney made a motion to set aside and vacate the verdict and judgment which had been rendered in said case, upon the ground that no "default" had been entered in the case, and that he was prevented from filing a meritorious defense, which was set out in the petition, by reason of his illness and leave of absence, and it did not appear on the hearing of the motion to set aside that either the trial judge or the attorneys for the plaintiff knew, by entry on the docket or otherwise, that movants' counsel represented the defendants as attorneys, and that he had a meritorious defense to file, it was not error for the court in these circumstances to overrule the motion to vacate the verdict and judgment. *Watson* v. *Parian Paint Co.*, 138 *Ga.* 621 (3) (75 S. E. 608); *M. E. Church South* v. *Dudley etc.*, 137 *Ga.* 68 (4), 69 (72 S. E. 480); *Glennville Investment Co.* v. *Jordan*, 144 *Ga.* 14 (2*a*) (85 S. E. 1049); *Higgs* v. *Higgs*, 144 *Ga.* 20 (85 S. E. 1041).

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting, and Gilbert, J., absent for providential cause.*

No. 4586. MAY 22, 1925.

Motion to set aside judgment. Before Judge Wright. Walker superior court. September 20, 1924.

Hill Hammond Jr., as trustee in bankruptcy for W. B. Brown, bankrupt, filed an equitable petition against W. B. Brown and S. H. Brown, praying that a certain deed from W. B. Brown to S. H. Brown, conveying 140 acres of land more or less, be canceled. It appears from the bill of exceptions that the petition was served on the defendants, and that the appearance docket for the term of court to which the case was brought was never called and the case was not marked in default, and the defendants had not filed an answer to the petition. On November 15, 1923, during the November term of the court, which had convened on November 5, and when the court was about to adjourn so far as jury business was concerned, plaintiff's counsel asked the court to direct the jury, which had not been discharged, to return a verdict for plaintiff, which they did, finding in favor of the plaintiff, setting aside the deed described in the petition; and the court entered judgment in accordance with the verdict. On November 19, and during the same term, the defendants made a motion to vacate and set aside the verdict and judgment, upon the grounds set out in the motion. The defendants filed their answer to the equitable petition, attaching a copy of the original petition as an exhibit to the motion to vacate and set aside, which motion was verified by

the affidavits of the defendants and their attorneys. On January 11, 1924, the plaintiff, Hill Hammond Jr., as trustee, filed his. answer to the motion to set aside and vacate the verdict and judgment, which answer was verified by affidavit. The defendant and plaintiff introduced evidence upon the trial of the motion to set aside. After hearing evidence and argument of counsel, the motion to vacate and set aside the verdict and judgment of November 15, 1923, was denied, and the judgment as originally entered was ordered to stand. To this judgment the movants excepted upon various grounds.

*Henry & Jackson,* for plaintiffs in error.

*Rosser & Shaw* and *Norman Shattuck,* contra.