16752.  PAPE v. WOOLFORD REALTY COMPANY.

BELL, J.  1.  Where a suit was brought in two counts upon two series of notes, and where, in answer to the second count, the defendant pleaded that the notes therein sued on had been given for a loan in the amount of the notes, but that at the closing of the loan the lender retained a certain sum as usury and delivered only the remainder to the defendant as the borrower, and that because of these facts the plaintiff was entitled to recover only the sum which the defendant had obtained, the plea went merely to the justice in part of the plaintiff's demand, and did not set up a counter-demand against the plaintiff for anything. See Civil Code (1910), § 4339.  The plea, therefore, was not a plea of set-off, within the meaning of section 4348 of the Civil Code (1910), which provides that after a plea of set-off is filed the plaintiff may not dismiss his action so as to interfere with the plea, except upon certain prescribed conditions.  The court did not err in allowing the plaintiff to strike the second count of the petition.  In this view it is unnecessary to determine whether the section of the code last mentioned could apply in any case where the suit is in several counts and the plaintiff does not seek to dismiss the entire action, but merely moves to strike one of the counts thereof, leaving the suit pending as to the other count or counts.

2.  While some of the notes sued on in the first count depended for their maturity upon the maker's default in the payment of another note of the same series, as to which default had been made, and also upon the holder's election thereupon to declare the whole indebtedness due, the filing of the suit upon the entire series amounted to such election. *Board of Education of Glynn County* v. *Day*, 128 *Ga.* 156 (6) (57 S. E. 359).  The filing of such suit being an undeniable fact, the defendant's denial of the plaintiff's allegation "that petitioner elects to declare all of said indebtedness now due and payable" raised no issue of fact for determination by the jury; nor did such denial constitute any valid objection that, as to some of the notes, the suit was prematurely brought. See *Andrews Co.* v. *Dorsett*, 29 *Ga. App.* 321 (115 S. E. 772); *Walker* v. *Jenkins*, 32 *Ga. App.* 238 (1) (123 S. E. 161), and cases cited.  Under the record no question is presented as to whether the petition ought to have shown that the plaintiff had elected, *before* suit, to declare the whole indebtedness due.  See, in this connection, *Sheffield* v. *Johnson County Savings Bank*, 2 *Ga. App.* 221 (4), 223 (58 S. E. 386); *Blitch* v. *Brewer*, 83 *Ga.* 333 (9 S. E. 837); *Hipp* v. *Fidelity Mutual Life Insurance Co.*, 128 *Ga.* 491 (4) (57 S. E. 892, 12 L. R. A. (N. S.) 319).

3.  Whether a mere option in the holder to accelerate the maturity of a

Appeal and Error, 4 C. J. p. 679, n. 37.

Bills and Notes, 8 C. J. p. 388, n. 63 New; p. 417, n. 92; p. 418, n. 3; p. 947, n. 79.

Courts, 15 C. J. p. 987, n. 61.

Dismissal and Nonsuit, 18 C. J. p. 1160, n. 48.

Judgments, 34 C. J. p. 169, n. 64; p. 173, n. 49; p. 176, n. 81; p. 188, n. 25.

Pleading, 31 Cyc. p. 203, n. 34 New; p. 619, n. 64.

series of notes because of nonpayment of interest, or other default, is waived or lost by failure to exercise it before tender of the amount actually due (see 8 C. J. 418), the right to exercise such option would not be affected by a tender that was not continuing and otherwise valid. Civil Code (1910), § 4322; *Gray* v. *Angier*, 62 *Ga.* 596. The tender alleged by the defendant in this case does not appear to have been continuing, and, whether it was sufficient in other respects or not, the plaintiff's option to declare all the notes due was not lost by reason thereof. A tender after the exercise of the option, as after suit, would be immaterial as affecting the holder's rights thereunder.

4. Where notes secured by a conveyance of land to the payee are transferred to another without a conveyance of the security, the transferee may proceed to collect the debt by obtaining judgment, and causing a levy to be made on the land after a reconveyance by the grantee; and the fact that the transferee does not hold the title to the security is no reason why he should not be entitled to a judgment upon the notes. *Clark* v. *Havard*, 122 *Ga.* 273 (50 S. E. 108).

5. An indorsement or assignment of any bill, bond, or note, when it is sued on by the indorsee, need not be proved unless denied on oath. Civil Code (1910), § 4299.

6. Under the rulings in paragraphs 2, 3, 4, and 5 above, the answer to the first count failed to set forth a valid defense, and the court did not err in striking it. The suit then being in default, the plaintiff was entitled to take a verdict as if each and every allegation of the petition had been proved by evidence. Civil Code (1910), §§ 5539, 5662. Although it is true, as contended by counsel for plaintiff in error, that as to the notes which had not matured by their own terms the suit was not one upon unconditional contracts in writing (see *Howard* v. *Wellham*, 114 *Ga.* 934, 41 S. E. 62; *Rodgers* v. *Caldwell*, 112 *Ga.* 635, 37 S. E. 866), the direction of the verdict for the plaintiff was not for this reason violative of the provisions of the Civil Code (1910), § 6516. While the judge may ordinarily have no authority to render judgment without the verdict of a jury, except in cases referred to in that section, this does not mean that, even in those cases where the verdict of a jury is necessary, the court may not direct it where it is demanded by the law and the facts. *Mitchell* v. *Allen*, 110 *Ga.* 282 (2) (34 S. E. 851); *Boaz* v. *Jackson*, 105 *Ga.* 228 (31 S. E. 163); *Western Union Tel. Co.* v. *Lark*, 95 *Ga.* 806 (3) (23 S. E. 118); *Methodist Episcopal Church South* v. *Dudley &c. Lumber Co.*, 137 *Ga.* 68 (4) (72 S. E. 480); *Atkinson* v. *Olmstead*, 140 *Ga.* 100 (4) (78 S. E. 720); *Caldwell* v. *Freeman*, 146 *Ga.* 469 (4) (91 S. E. 544); *Anderson* v. *King*, 19 *Ga. App.* 471 (1) (91 S. E. 788); *Jelks* v. *Wesleyan College*, 22 *Ga. App.* 465 (2) (96 S. E. 343); *Parker* v. *Williams*, 22 *Ga. App.* 730 (6) (97 S. E. 260); Civil Code (1910), § 5662.

7. Furthermore, "under the act creating the city court of Atlanta, and the acts amendatory thereof, the judge has the power to try any case in which trial by jury is not demanded. Hence, where a petition is brought under the code procedure and is duly paragraphed, and the defendant has not answered, or his answer has been stricken, the judge may either direct a verdict in favor of the plaintiff, or himself enter up the judgment without the intervention of a jury." *Ford* v. *Wright*, 9 *Ga. App.* 177 (2) (70 S. E. 965).

8. The ruling made in the second division of the syllabus in *Hayden* v. *Johnson*, 59 *Ga.* 105, in view of subsequent legislation (see Ga. L. 1895, p. 45; Civil Code, § 5657), has no application in the case at bar. *Lenny* v. *Finley*, 118 *Ga.* 427 (2)· (45 S. E. 317).

9. The verdict and judgment appear to be for the correct amount, under the allegations of the petition, which were to be taken as true when the answer was stricken. This court can not adjudicate that the amount was excessive merely in view of certain alleged payments shown for the first time in the bill of exceptions.

  *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

  ˙Decided April 20, 1926. Rehearing denied June 18, 1926.

Complaint; from city court of Atlanta—Judge Reid. July 7, 1925.

Application for certiorari was made to the Supreme Court.

*W. A. James, Linton S. James,* for plaintiff in error.

*Madison Richardson,* contra.