## FLANIGAN *v.* HUTCHINS *et al.*

1. The facts disclosed authorizing a finding that the petitioner for injunction, who was defendant in the previous suit, could by ordinary diligence have filed an answer and obtained a hearing in that suit, no equitable cause appeared for vacating the verdict and judgment against her.
2. Refusal of injunction against execution sale was not erroneous.

No. 5844. JUNE 17, 1927.

Petition for injunction. Before Judge Stark. Gwinnett superior court. December 28, 1926.

*O. A. Nix* and *M. D. Irwin,* for plaintiff.

*W. L. Nix* and *N. L. Hutchins,* for defendants.

GILBERT, J. Hutchins filed suit against J. C. Flanigan on a promissory note, said case being for trial on December 5, 1923. Two days prior to said date Flanigan executed to his wife a deed conveying property to which he had legal title. Judgment on the note was obtained at the March, 1924, term of court by Hutchins. A fi. fa. issuing on said judgment was levied on said property, and Mrs. Flanigan filed a claim which she later withdrew. The land was advertised for sale; whereupon Mrs. Flanigan filed a petition making Hutchins and McGee, sheriff, defendants, seeking to enjoin the sale. The petition alleged that the land was originally bought by the husband with funds of the wife; that at all times she was an equitable owner thereof; that upon ascertaining that the husband had taken title in the deeds she insisted that he execute title to her, which he did; that Hutchins, after obtaining judgment against the husband, instituted an equitable suit for the cancellation of the deed from the husband to her; that plaintiff employed an attorney and instructed him to file a defense to the suit of Hutchins for cancellation, upon grounds stated, but that the answer prepared by counsel was sent to her in a distant part of the State for proper verification; that after said verification she placed the papers in the United States mail, addressed to the attorney at Winder, Georgia; that the same were lost, and for this reason were never filed in court; that when the suit filed by Hutchins for cancellation came on to be heard, there being no answer thereto on file, the court directed a verdict for the plaintiff, cancelling the deeds, without the introduction of any evidence, and that such verdict and judgment were due to "accident in law;"

Judgments, 34 C. J. p. 161, n. 27; p. 454, n. 45; p. 495. n. 6.

and in her present petition she prays that the last-named judgment and verdict be set aside, to the end that the case for cancellation may be tried and the issue thereof submitted to a jury for determination, and that the court enjoin the sale. Evidence was introduced by both parties; after which the court rendered a judgment ·refusing to enjoin the sale. The exception is to that judgment.

1. The facts alleged and shown do not constitute equitable cause for setting aside the judgment. The court was authorized to find that the defendant could have filed an answer and obtained a hearing by the exercise of ordinary diligence. Where one has not exercised ordinary diligence, equity will not intervene to set aside the judgment. Compare *Mullins* v. *Christopher*, 36 *Ga.* 584; *Berry* v. *Burghard*, 111 *Ga.* 117 (36 S. E. 459); *Latimer* v. *Irish-American Bank*, 119 *Ga.* 887, 894 (47 S. E. 322).

2. "In all cases, except actions for unliquidated damages and suits on unconditional contracts in writing, in the several courts of this State, where the writ or process has been served, as the law directs, on the defendant, and there is no defense made by the party sued, either in person or by attorney, at the time the case is submitted for trial, the case shall be considered in default, and the plaintiff shall be permitted to take a verdict as if each and every item and paragraph were proved by testimony." Civil Code (1910), § 5662; *Glennville &c. Co.* v. *Jordan*, 144 *Ga.* 14 (85 S. E. 1049); *Brown* v. *Hammond*, 160 *Ga.* 446 (128 S. E. 66).

3. Applying the foregoing principles, the judgment refusing an injunction was not erroneous.

*Judgment affirmed. All the Justices concur.*