20591. FINANCE SERVICE COMPANY *v.* RICH *et al.*

DECIDED JULY 15, 1930. REHEARING DENIED OCTOBER 2, 1930.

*G. G. Bower, A. B. Conger,* for plaintiff.
*R. G. Hartsfield, M. E. O'Neal,* for defendants.

LUKE, J. Finance Service Company sued "Rich's Stores, a copartnership composed of A. J. Rich and C. C. Rich," on six promissory notes for $980 principal, interest, and attorney's fees. The suit was brought to the September, 1928, term of the city court of Bainbridge, and the case was tried at the September term, 1929, and terminated in a verdict and judgment against "Rich's Stores and C. C. Rich and A. J. Rich," for principal, interest, and attorney's fees. The exception here is to the judgment granting the defendant a new trial upon a motion based solely upon the usual general grounds.

The notes sued on are joint and several, and provide for the collection of attorney's fees "in case payment shall not be made at maturity." Each note is signed, "Rich's Stores, by C. C. Rich," and is unconditional except as to the provision for attorney's fees. The name of A. J. Rich does not appear on any note. Finance Service Company avers in its petition "that on the 19th day of

August, 1928, plaintiff served the defendant through the mails with notice in writing of his intention to bring suit on the 29th day of August, 1928, to the September term, 1928, of the city court of Bainbridge, which sits on the 17th day of September, 1928, the return day of said court being the 29th day of August, 1928." Exhibit "B" to the petition contains the following copy of the notice to claim attorney's fees: "Rich's Stores, Bainbridge, Ga. Aug. 20th, 1928. Gentlemen: You are hereby notified that your notes to Finance Service Company of Baltimore, Md., dated June 30, 1927, will be sued after ten days, returnable to the next term of the city court of Bainbridge, by Finance Service Co., the holder of said notes, for whom this notice is given. Yours truly, Bower & Bower, attorneys for said holder."

In their plea and answer, the defendants "denied each and every paragraph of plaintiff's petition," and further pleaded non est factum. On September 26, 1928, at the appearance term of the court, plaintiffs filed a written motion to strike the plea and answer, which appeared to have been verified by C. C. Rich before "E. A. Wimberley, Clerk S. C.," upon the ground that Rich never actually swore to the plea and answer. When the case was called for trial at the September, 1929, term of the court, plaintiffs insisted upon their said motion to strike. E. A. Wimberley, having been sworn, testified that he thought said plea and answer was a deed, and did not have C. C. Rich swear to it. Thereupon the presiding judge struck the plea and answer. The case proceeded to trial, and while J. D. Bower was on the stand testifying that the original notes of which he as attorney at law had custody and control had been lost, that he had made diligent search for them and had failed to find them, and that the copy notes attached to the petition were copied by him from the original notes, and were exact copies of the originals, C. C. Rich came into court and testified that he started to court in ample time to get there before the call of the case, but that it was impossible for him to do so, because his automobile had bogged down across the river. The court then, upon motion of counsel for defendants, vacated his said order striking said plea and answer, and allowed C. C. Rich to verify the same. Counsel then offered to further amend said plea and answer by adding thereto what they term a plea of forgery. The court then struck the entire plea and answer, for the reason that it was not sworn to at the time of

filing. The defendants promptly filed exceptions pendente lite to that judgment. The trial proceeded, and J. D. Bower, after testifying to the loss of the notes as hereinbefore set out, further testified that the name "A. J. Rich" was not on any of said notes, and that it was his understanding that "A. J. Rich was a member of a partnership of Rich's Stores." C. C. Rich testified, as hereinbefore set out, why he was unable to appear in court on time, and E. A. Wimberley testified that C. C. Rich handed him said plea and answer, and that he never administered any oath to said Rich. Upon the conclusion of the evidence, a verdict and judgment were rendered for the plaintiff as hereinbefore set out.

As already stated, the motion for a new trial was based solely upon the usual general grounds. Of course, "a ruling of the court in striking a plea can not be made the ground of a motion for a new trial." *Methodist Episcopal Church South* v. *Dudley &c. Co.*, 137 *Ga.* 68 (3) (72 S. E. 480). It is true that the defendants filed proper and timely exceptions pendente lite to the judgment striking the plea and answer; but since they filed no cross-bill wherein they might have assigned error upon said exceptions pendente lite, and did not assign error upon said exceptions in this court, the said ruling can not be considered by this court. See *Hodgkins* v. *Marshall*, 102 *Ga.* 191, 197 (29 S. E. 174) ; *Story* v. *Brown*, 98 *Ga.* 570 (25 S. E. 582) ; *Bryant* v. *Anderson*, 5 *Ga. App.* 517 (63 S. E. 638).

"The first grant of a new trial will not be disturbed by the Supreme Court, unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Civil Code (1910), § 6204. It was held in *Valdosta &c. R. Co.* v. *Citizens Bank*, 14 *Ga. App.* 329 (80 S. E. 913), that a note providing for the recovery of attorney's fees was not unconditional in so far as the promise to pay attorney's fees was concerned. If it be granted that the defendants in the court below are now in the attitude of litigants who filed no plea or answer, for the reason that their plea and answer was stricken, and that they are therefore held to have admitted the allegations in the petition as to attorneys fees, we are nevertheless of the opinion that the right to recover attorney's fees was not proved. The notes sued on simply provided for the payment of attorney's fees, without stating

the percentage or amount that might be collected. Reference to the petition shows that it avers that "on the 19th day of August, 1928, plaintiff served the defendant through the mails with notice in writing of his intention to bring suit on the 29th day of August, 1928, to the September term, 1928, of the city court of Bainbridge, . . the return day of said court being the 29th day of August. From the record it appears also that the notice to claim attorney's fees is dated "Aug. 20, 1928," and that said notice does not even mention attorney's fees. The evidence in the case is silent as to attorney's fees. In these circumstances it can not be said that proof of the right to recover attorney's fees was made. It follows that so much of the judgment as award to the plaintiff attorney's fees in the amount of $143.80 was without evidence to support it. Therefore the evidence did not demand the verdict and judgment, and the judge did not abuse his discretion in granting a first new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*