Warner, Chief Justice.
This was an action brought by the plaintiff <*&„mst the defendants to recover a sum of money alleged to have been received by them as agents of the plaintiff, in the life insurance *453 business. On the trial of the case, the jury found a verdict for the plaintiff. The main question in issue between the parties at the trial, was whether the defendants should be allowed their set-off to the plaintiff’s demand and for commutation of renewed premiums oh policies obtained by them after their discharge as plaintiff’s agents.- The plaintiff proved by the sworn answer of the defendants that the contract between them and the plaintiff was, that the compensation for their services was to be twenty per centum of and upon all sums collected for first year’s premium insurance, and seven and one-half per centum of and upon all sums received -by them, for continued renewals of policies. On the trial, one of the defendants was sworn as a witness in his own behalf, and the question was propounded to him, “Whether he knew of any custom or usage in the life insurance business as to the commutation of the value of renewals on discharging agents?” Objection being made to the question by the plaintiff, the Court sustained the objection, and the defendants excepted. *The defendant’s counsel also asked the witness if he knew of any usage in the life insurance business as to the commutation of value of renewals on the discharge of agents, and what such usage was, if there was any? which being objected to, the Court sustained the objection, and defendants excepted.
The contract of the parties in this case was, that the defendants should receive for their services twenty per centum on all sums collected by them for first year’s premium .insurance, and seven and one-half per centum on all sums received by them for continued renewals of policies. This contract is plain and explicit; there is no doubt or ambiguity as to the meaning of it, or as to the intention of the parties; but it is contended the evidence was admissible to annex an incident to the contract, by the proof of usage or custom. But in all cases of this sort the rule for admitting the evidence of usage or custom must be taken with this qualification, that the evidence be not repugnant to, or. inconsistent with, the contract.
Although evidence of a general usage or custom of any business or trade, when it is of universal practice, may be admissible to explain what is doubtful, it is not admissible to contradict what is plain, as where.a policy was made in the usual form, upon a ship, her tackle, apparel, boats, etc., evidence of usage that the underwriters never pay for the loss of boats slung upon the quarter outside of the ship, would not be admissible: Greenleaf’s Evidence, volume 1, sections 292-294. In the case of the schooner Reeside, 2 Sumner’s Reports, 567, it was held that an express contract of the parties is always admissible to supersede, vary or control a usage or custom, but that an express contract could not be controlled or varied, or contradicted by a usage or custom. The rule is, that when parties make an express contract, as in this case, which is plain, evidence of usage and custom is inadmissible to control, vary or contradict it.. Nor do we think the questions propounded to the witness were strictly legal questions *454 to prove a general usage or custom. The questions propounded to the witness were: “Do you know of any usage or custom in the life insurance business as to the commutation *of renewals,” etc.? The proper question would have been, “What is the general or universal usage and custom in the life insurance business as to the commutation of renewals,” etc.? The usage or custom to be binding, must be a general one, and of universal practice, as applicable to that particular business: Code, section, 1. In looking through this entire record, we find no error in the rulings of the Court, or in its charge to the jury, or in its refusal to chargé as requested, in view of the evidence contained therein, and the verdict was right under the law and facts of the case.
Let the judgment of the Court below be affirmed.