BERRY *v.* BURGHARD *et al.*

Equity will not grant a new trial in a case which has proceeded to judgment in a court of law, when the petition therefor shows that the plaintiff was negligent in making his defense in the court where the judgment was rendered.

Submitted May 18, — Decided June 8, 1900.

Equitable petition. Before Judge Butt. Muscogee superior court. May term, 1899.

*B. S. Miller*, for plaintiff.
*Eugene Ray* and *C. E. Battle*, for defendants.

SIMMONS, C. J. In a justice's court in Muscogee county, Burghard obtained judgment against Jerallie. Execution thereon was levied upon certain personal property in the possession of the defendant. It was claimed by Berry. On the trial of the claim case the property was found subject. Berry filed an equitable petition for the purpose of setting aside the judgment finding the property subject, and of obtaining a new trial. He alleged that there had been one trial before a jury in the justice's court, resulting in a mistrial; that, after several continuances, the case was finally set for trial before another jury; that his counsel were the Messrs. Miller; that, on the day before the trial, the member of the firm who had theretofore represented him in the matter informed the magistrate that he would be engaged in another court and would be unable to represent the claimant, but that his brother would appear in his stead; that on the day of the trial this brother did not appear, the reason being that he was in attendance upon a sick relative, and could neither attend court nor notify the justice that he would be absent. The case went to trial, and the jury found the property subject. By an amendment the claimant set out the facts upon which he based his claim to the property, and alleged that if his counsel had been present and the evidence brought out, the verdict of the jury would in all probability have been different. The judge refused to allow this amendment, on the ground that there was nothing to amend by. He then sustained a demurrer which contained special grounds and also the objection that there was no equity in the petition. The plaintiff ex-

cepted to the refusal to allow his offered amendment, and also to the ruling sustaining the demurrer and dismissing the case.

This court will not reverse a judgment because of the refusal to allow an amendment to a petition, when it appears that the petition and amendment, taken together, do not set forth a cause of action. Treating the amendment as having been allowed, and considering it with the petition, we think that the judge did not err in sustaining the demurrer. Equity will never set aside a judgment at law and grant a new trial to a person who has been negligent in the defense of his case in the courts of law or who has been negligent in the assertion of his rights in such courts. In the present case, while it is asserted that the petitioner's counsel was absent because of providential cause, the petition does not in any way explain the absence of the petitioner himself. From the facts stated in the amendment which was offered and which was not allowed by the judge, it seems to us that it would have been absolutely necessary for him to have appeared in order to establish the facts upon which he based his claim or to put his counsel in possession of these facts. It is the duty of a claimant, where a levy has been made and the sale stopped by a claim affidavit, to be in a position to give the proper attention to his case when it is to be called. Had the petitioner in this case performed his duty and appeared at the trial of the claim case, he could have informed the court of the failure of his counsel to appear, and that he could not safely go to trial without counsel. The court would then doubtless have continued the case or postponed it to another day. Instead of doing this, he remained away from the court and relied entirely upon his counsel. This was such negligence on his part as to debar him from relief in a court of equity. In the case of *Mullins* v. *Christopher*, 36 *Ga.* 584, it was held by this court that "If a party have a good defence at law, and from negligence fail to set it up at the proper time, he must take the consequences of his own laches; he can not go into equity to be relieved from the consequences of such negligence." See cases cited in the opinion of Walker, J., and also *Donaldson* v. *Roberts*, 109 *Ga.* 832, and cases there cited.

*Judgment affirmed. All concurring, except Fish, J., absent.*