### 3515.   TENNESSEE OIL & GAS CO. v. AMERICAN ART WORKS.

1. Under the act of December 13, 1902 (Acts 1902, p. 117), any default entered by the judge of the city court of Atlanta may be opened upon the terms and conditions stated in that act, provided the motion to open the default is made before final judgment is rendered.

2. If both default and final judgment have been entered, the defendant can not have the default opened without first vacating the judgment. While the court has power over any judgment during the term at which it is rendered, still a judgment should not be set aside for insufficient reason, even though the application to set it aside is for the purpose of allowing the default on which the judgment is based to be opened.

Decided November 7, 1911.

Motion to open default; from city court of Atlanta—Judge Reid.    May 19, 1911.

*E. A. Stephens, Walter McElreath,* for plaintiff in error.
*Walter C. Hendrix, Mayson & Johnson,* contra.

Powell, J.    The suit was brought in the city court of Atlanta. Under the practice in that court, a case is in default unless the defense is filed on or before the first day of the term to which the case is returnable, and verdict and judgment in undefended cases may be rendered at the first term of the court.    Formerly there was no provision for opening a default once suffered in this court, but under the act of December 13, 1902 (Acts 1902, p. 117), any default entered by the judge of the city court of Atlanta may be opened "during the term at which such default is entered, upon payment of all costs, or in the discretion of said judge;" and he may open it after the expiration of the term at which the default is entered, "upon the same terms and conditions as may judges of the superior courts of this State" open defaults.    In this case default was suffered, and during the same term of the court verdict and final judgment were entered against the defendant; and later during the same term the defendant appeared and paid all the costs, and moved to open the default, and tendered an apparently meritorious defense, and gave as his excuse why the defense had not been filed sooner that an attorney had been employed to represent the defendant, and that he, through inadvertence, had failed to file the defense in time.    If final judgment had not been entered in the case, the motion to open the default would have been sufficient; for, under the act of 1902, the defendant is entitled to open the default, as such, at any time during the first term of the court, by paying the costs.

But this relates to the opening of the default as such.    Here the case had passed beyond the stage of mere default.    It was necessary for the defendant to get rid of the judgment which had been finally rendered in the case.    During the term at which judgment

was rendered, it still rested largely in what is called "the breast of the court;" that is to say, the court still had general control over it for the purpose of setting it aside or modifying it. But a judgment once regularly rendered should not be set aside captiously, or unless the party moving to set it aside shows some good reason why it was improvidently rendered. In this case no such reason was shown. In principle, this case and the case of *O'Connell* v. *Friedman,* 118 *Ga.* 831 (45 S. E. 668), are identical, though they differ somewhat as to the facts presented. In *Mathews* v. *Bishop,* 106 *Ga.* 564 (32 S. E. 631), the difference between opening a default and opening a final judgment rendered at the first term in the city court of Atlanta was pointed out, and it was there held that the judgment should not be vacated, unless the defendant showed a valid excuse for failing to appear and plead at the proper time. Since the judgment of default could not be set aside without the final judgment first being vacated, and since the motion set up no sufficient reason for vacating the judgment, the court properly denied the motion.                    *Judgment affirmed.*