### 8720. LEVY *v.* MILES F. BIXLER COMPANY.

BROYLES, P. J. 1. "One who signs an instrument written by the opposite party at interest therein, without reading it, when he is capable of doing so, can not afterwards set up fraud in the procurement of his signature thereto, when no trick or artifice was resorted to for the purpose of inducing him to thus sign it, and it was not signed under any emergency requiring haste in its execution." *Rounsaville* v. *Leonard Mfg. Co.*, 127 *Ga.* 735 (2) (56 S. E. 1030); *Sloan* v. *Farmers & Merchants Bank*, 20 *Ga. App.* 123 (92 S. E. 893). Under this ruling the court did not err in striking that paragraph of the defendant's answer which set up fraud in the procurement of the contract.

2. Paragraph 5 of the defendant's plea was as follows: "For further plea defendant says that the order in question was given on the 5th day of February, 1916; that immediately thereafter, on February 9th, 1916, defendant mailed to plaintiffs a letter in which he countermanded the

order for the goods in question, and notified them that he would not accept and receive goods ordered; that this letter was received by plaintiffs before the goods were shipped defendant and before the invoice for same had been sent defendant; that after this the plaintiffs delivered the goods ordered to the railroad and express companies and shipped them consigned to the defendant at Millen, Ga., but defendant declined to receive the goods, allowed them to remain in the depot and express office, and notified plaintiffs of his refusal to accept them; that the goods ordered were articles of merchandise kept in general stock and sold generally by plaintiffs, and that the same were shipped defendant after full knowledge that defendant had repudiated said contract; and that for these reasons, if plaintiffs had any cause of action against defendant, which is denied, it was for damages on breach of contract; that they can not recover on open account, and that this action should be dismissed." If the allegations of fact in this plea were true (and on demurrer they must be so taken), the plea set up a good defense to the suit as against a general demurrer or oral motion to strike, since it clearly showed that the plaintiffs' only remedy was an action to recover damages for the breach of the contract. The court therefore erred in striking this paragraph on a general demurrer. *Oklahoma Vinegar Co.* v. *Carter*, 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112); *Rounsaville* v. *Leonard Mfg. Co.*, supra (4); *Linder* v. *Cole Brothers Lightning Rod Co.*, 10 *Ga. App.* 102 (72 S. E. 719).

3. The error in striking paragraph 5 of the answer rendered the further proceedings in the case nugatory.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*

DECIDED AUGUST 3, 1917.

Complaint; from Jenkins superior court—Judge Henry C. Hammond. March 13, 1917.

*G. C. Dekle*, for plaintiff in error. *Thomas L. Hill*, contra.