11165. Parcel Delivery Company *v.* American Oil Pump & Tank Company.

Stephens, J. 1. "Where the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between them, and parol evidence of prior or contemporaneous conversations, representations, or statements will not be received for the purpose of adding to or varying the written instrument." *Case Threshing Machine Co.* v. *Broach,* 137 *Ga.* 602 (73 S. E.

1063).  A custom or usage which is repugnant to the terms of an express contract is not permitted to operate against it, and evidence of it is inadmissible; for while usage may be admissible to explain what is doubtful, it is never admissible to contradict what is plain. *Park* v. *Piedmont & Arlington Life Ins. Co.*, 48 *Ga.* 601, 606.

2. In a suit by a seller against a purchaser to recover the purchase-money for a gas tank which had been sold by the plaintiff to the defendant under a written contract which purports to contain the entire agreement between the parties, any bare representation or promise without consideration, not embodied in the contract made by the agent for the seller with the purchaser, that the seller would install the tank in accordance with the ordinances of the city, or any custom obtaining that the seller was in the habit of installing tanks sold by it in accordance with the ordinances of the city, which custom was known to the purchaser, can form no part of such contract.

3. Where the seller was under no contractual obligation to install the tank which it had sold to the purchaser, but gratuitously undertook to install the same and did install it, and afterwards, with or without the purchaser's consent, removed the tank at the instance of the city fire-inspector and cast it aside on the premises of the purchaser, and there left it in a good but useless condition, such conduct on the part of the seller constituted no breach of the contract on its part; nor was there any rescission of the contract.

4. Where in such a suit the defendant's plea set up an illegal defense, but was held good against a demurrer, and where evidence was admitted in support of the plea, such defense could, on a motion to direct a verdict for the plaintiff, be disregarded altogether.

5. With the defendant's illegal defense and the evidence in support thereof disregarded, the verdict for the plaintiff finding for the purchase-money was demanded.  The judge of the municipal court who tried the case did not err in directing a verdict for the plaintiff, and the certiorari was properly overruled.

> *Judgment affirmed.  Jenkins, P. J., and Smith, J., concur.*
>
> Decided September 27, 1920.

Certiorari; from Fulton superior court — Judge Pendleton. October 14, 1919.

*Lawton Nalley,* for plaintiff in error.

*W. S. Dillon, C. M. Lancaster,* contra.