## JACKSON *v.* GRANT *et al.*

</div>

1. The evidence offered by the defendants to support their application to set aside the judgment rendered in a case in default, and to open the default, did not sufficiently show that the failure of the defendants to file their defense or to move to open the default before judgment was excusable in law; and the court erred in setting aside the judgment and opening the default.

2. The uncontroverted allegations in the petition required the judgment and decree in favor of the plaintiff; and the fact that no evidence was offered did not authorize the granting of a new trial, there being no verdict and judgment for the damages claimed in the petition, which might have required proof by competent evidence before the plaintiff would have been entitled to a verdict therefor.

<div align="center">

No. 2511.    FEBRUARY 18, 1922.

</div>

Equitable petition.   Before Judge Ellis.   Fulton superior court. January 5, 1921.

*Mallet & Bell,* for plaintiff.

*Alston, Alston, Foster & Moise,* for defendants.

FISH, C. J.   To the September term, 1920, an equitable petition was filed in the superior court of Fulton county, wherein Eula Maddox Jackson was the plaintiff, and Bryan M. Grant and Albert S. Adams and the Walraven Company were named defendants.   Each of the defendants was duly served with process, and with an order of the court to show cause why the relief prayed for in the petition should not be granted.   The defendants failed to file any appearance and failed to plead to the merits of the petition at the term to which the petition was returnable; and thereafter, to wit, on the 25th day of September, 1920, at the call of the appearance docket of the said court the entry " in default " was marked upon the docket by the judge.   Thereafter,

to wit, on the 6th day of December, 1920, the same being the trial term of Fulton superior court, and the case being in default, a verdict was rendered and a decree was taken pursuant thereto, granting to petitioner the relief prayed for in her petition. On the 22d day of December, 1920, the defendants filed a motion for a new trial, a motion in arrest of judgment, and a motion to open the default and set aside the verdict and judgment. All of these motions were returnable on the first Monday in January, 1921. These three motions came on to be heard; and the judge, on the 5th day of January, 1921, after argument and over objection of plaintiff's counsel, granted the motion for a new trial. To this ruling and order granting a new trial the plaintiff excepted. The court also granted the motion to open the default and set aside the verdict and judgment, and permitted the defendants to plead, demur and answer; and to the order of the court sustaining this motion and permitting defendants to plead the plaintiff excepted.

1. There was not such a showing made by the defendants in this case, upon the motion to set aside the verdict and judgment and to open the default, as authorized the judge to grant the application. As showing due diligence on the part of the defendants and as an excuse for their failure to plead in time, the defendants show that negotiations were opened with the plaintiff through her attorneys of record, looking to a settlement and adjustment of the case; but after considering all the evidence as to the pending negotiations upon this subject, this court fails to find any definite statement of anything done or said by the plaintiff that would cause or induce the defendants to neglect the filing of their plea and answer in time. Conceding that in the motion made to set aside the verdict and judgment and to open the default the defendants show that they had a meritorious defense to the action, nevertheless they do not show that their failure to file an answer embodying this defense was excusable. The entire showing upon the subject of their failure to file a plea or answer is in substance as follows: When the petition was served upon the Walraven Company, its president, one of the defendants, was notified, and he advised the company that he would look after the defense; and he did have a conference with another one of the individuals named as a defendant, and the

latter said that he would consult with counsel. This was done, and counsel referred to a certain defect in the process, and advised that the suit could be won, but suggested a conference between the defendants and plaintiff's attorneys. Considerable time was required before the four parties could meet in conference, although a prompt effort was made by one of the defendants in behalf of all of the defendants for that purpose. Finally, some weeks after the service of the suit, a conference was had between the attorneys of the plaintiff and the two individuals named as defendants; and the defendants stated in the course of this interview that they did not care to be involved in a lawsuit, and plaintiff's attorneys said that they did not wish to have the case go to trial Thereupon propositions were made, and the defendant having these matters in charge says: " It was understood that said litigation would remain in abeyance pending negotiations." On November 4th a letter was received by the defendants from the attorneys for the plaintiff, in which these attorneys stated that a representative of the plaintiff had written them stating that the plaintiff rejected the two propositions submitted by the defendants, but that he was " willing, as a final proposition," to settle by voiding the lease at the expiration of the first five year period and dropping any claims for damages or accounting, and requesting a reply at the defendants' earliest convenience as to whether they would consider this proposition. Some days after the receipt of this letter one of the defendants conducting the negotiations met one of the plaintiff's counsel, discussed the letter with him, and explained to him that the plaintiff's counter-proposition was not acceptable; and the attorney thereupon asked the defendant to write him to that effect. According to this defendant's recollection he stated that his reply would be transmitted " with a view to further negotiations." This letter was written on November 17th, as follows: " Gentlemen: Replying to your letter of November 4th, in regard to the matter of Mrs. Eula M. Jackson vs. The Walraven Co. et al., we are instructed by the parties at interest to advise you as follows: They deny any claims for damages or accounting of any sort as being due Mrs. Eula M. Jackson. They state that the proposition as made to you was an extremely liberal one, and is the only proposition that they have to make. They decline to agree to any voiding of the lease

at the expiration of the first 5 years period, or to relinquish the option for an additional five years which they hold under same. Yours very truly." Signed by the defendants.

Above we have announced our opinion that there was nothing in these negotiations to induce or authorize the defendants to believe that there would be any postponement of the trial or the taking of a verdict and judgment in case of a failure to file their plea and answer; and consequently the judge hearing this motion was not authorized to adjudge that the failure to file the answer in time and as the law requires was excusable. Questions like this have been discussed and ruled upon in numerous cases, but it is not necessary to make lengthy quotations therefrom. Some of the cases are here cited. *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168) ; *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39) ; *Murray* v. *Willoughby,* 133 *Ga.* 514 (66 S. E. 267) ; *Tennessee Oil &c. Co.* v. *American Art Works,* 10 *Ga. App.* 45 (72 S. E. 517).

2. The ruling made in the second headnote requires no elaboration, in view of the explicit rulings made in other cases heretofore decided by this court. *Langston* v. *Langston,* 141 *Ga.* 675 (82 S. E. 36) ; *Higgs* v. *Higgs,* 144 *Ga.* 20 (85 S. E. 1041) ; *Mitchell* v. *Allen,* 110 *Ga.* 282 (34 S. E. 851). Other cases making pertinent rulings are referred to in the cases here cited.

*Judgment reversed. All the Justices concur.*