19843.   PEACOCK *v.* WALKER.

ARGUED SEPTEMBER 11, 1957—DECIDED OCTOBER 15, 1957—
REHEARING DENIED NOVEMBER 8, 1957.

*Francis Houston, Lee S. Purdom,* for plaintiff in error.

*W. P. Strickland, Jr., Memory, Barnes & Memory,* contra.

ALMAND, Justice.   The judgment under review is one overrul-
ing a general demurrer to an equitable petition seeking to set
aside a judgment rendered in the City Court of Blackshear, to
cancel of record the execution issued on the judgment, and to
enjoin the garnishment proceedings in said court.

The petition in substance alleged: that C. C. Peacock, Jr.,
upon a judgment obtained against Elbert Dean in the City Court
of Blackshear, sued out a summons of garnishment in said court
directing the plaintiff, Alvin Walker, to answer on August 27,
1956, as to his indebtedness to Dean; that, after the summons of
garnishment was served on the plaintiff, he *"at least ten days
before August 27, 1956,* went to see the said attorney, Francis

Houston, about the garnishment summons; that he explained to the said attorney that he did not owe Elbert Dean anything, but that, on the contrary, Dean was heavily indebted to him, and he estimated Dean would be owing him at least $800 when all the crop he was growing for petitioner as a share cropper was harvested. Thereupon, the said Francis Houston, as attorney for defendant, C. C. Peacock, Jr., stated to petitioner that *he would see said defendant, and let him (petitioner) know if defendant wanted him to make an answer to said garnishment or report thereon.* Petitioner further avers that he did not hear any more from said attorney, and took it for granted that he would not proceed further on the garnishment proceeding, and that it was not necessary for him (petitioner) to do anything else. That, instead of keeping his promise to petitioner and giving him a chance to protect himself, the said attorney for defendant, Francis Houston, without any notice whatever to petitioner of his intention to do so, procured judgment against petitioner in the City Court of Blackshear in favor of defendant (the plaintiff in the aforesaid garnishment proceeding), in the sum of $2,665.10." (Italics ours.)

It was charged that these acts on the part of Peacock's attorney constituted fraud entitling the plaintiff to have a court of equity set aside the judgment. It was further alleged that the plaintiff was not indebted to Dean in any sum.

"The judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." Code § 110-710. See also Code § 37-219. The rules of practice and procedure in the City Court of Blackshear for the trial of garnishment proceedings and for the opening of default judgments are the same as those governing such practice and procedure in the superior court. Ga. L. 1911, p. 210; 1949, p. 126. Under the rules of practice in the superior court, the garnishee has until the first day of the second term after service in which to answer (Code § 46-105; *Averback v. Spivey*, 122 *Ga.* 18, 49 S. E. 748; *Gainesville Grocery Co.* v. *Bank of Dahlonega*, 25 *Ga. App.* 230, 102 S. E. 912); and, at any time before final judgment, the trial judge, in his discretion

upon payment of costs, may allow a default to be opened for providential cause or for excusable neglect. Code (Ann.) § 110-404. The summons of garnishment in the instant case was returnable to the August term, 1956, of the City Court of Blackshear. It does not appear when the default judgment was entered; and since a judgment by default could not be entered at the return term (*Averback* v. *Spivey,* supra, headnote 3), in the absence of allegations to the contrary we presume that the judgment was entered at a term subsequent to the return term. *Grinad & Benton* v. *State,* 34 *Ga.* 270.

The allegations of the petition are insufficient to show that the failure of the garnishee to file his answer, or move to open the default before final judgment, was excusable in law. *Jackson* v. *Grant,* 152 *Ga.* 751 (111 S. E. 192). We need not determine whether the allegations were sufficient to charge fraud on the part of Peacock's attorney, for, even if the allegations were sufficient to charge fraud, by proper diligence the garnishee could have prevented the judgment against him from being entered. *Hogg* v. *Hogg,* 206 *Ga.* 691 (3) (58 S. E. 2d 403); *Bostwick* v. *Perkins,* 1 *Ga.* 136. "If a party have a good defence at law, and from negligence fail to set it up at the proper time, he must take the consequences of his own *laches;* he cannot go into equity to be relieved from the consequences of such negligence." *Mullins* v. *Christopher,* 36 *Ga.* 584, 587. See also *Berry* v. *Burghard,* 111 *Ga.* 117 (36 S. E. 459); *Sellers* v. *Johnson,* 207 *Ga.* 644 (1) (63 S. E. 2d 904). "A promise by the officer [of the court] that he would notify the garnishee when to answer, and 'sheer ignorance' on the part of the agents of the company that it was necessary to answer, afford no legal excuse for failure to answer at the time fixed by law." *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (8) (48 S. E. 25).

The cases relied upon by the garnishee, (*McGinnis* v. *Scheer,* 182 *Ga.* 684, 186 S. E. 804; *Southern Ry. Co.* v. *Planters Fertilizer Co.,* 134 *Ga.* 527, 68 S. E. 95; *Beverly* v. *Flesenthall Bros.,* 142 *Ga.* 834, 83 S. E. 942; and *Bigham* v. *Kistler,* 114 *Ga.* 453, 456, 40 S. E. 303) were cases in which judgments were taken in the absence of the opposite party, in violation of agreements between the parties as to settlement or abandonment of the

pending suits or defenses thereto. They are not applicable in the instant case.

The petition failing to set forth a cause of action, it was error to overrule the general demurrer thereto.

*Judgment reversed. All the Justices concur.*