42995. COTTON STATES MUTUAL INSURANCE
COMPANY v. BOOTH.

ARGUED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 29, 1967.

*Conyers, Fendig, Dickey & Harris, Albert Fendig, Jr.,* for appellant.

*Leon A. Wilson, II, Benjamin Smith, Jr.,* for appellee.

QUILLIAN, Judge. The defendant's deposition, in substance, followed what was alleged in his answer. He testified that the plaintiff's agent showed him some papers to sign and then related: "I said, well, I don't sign no papers until I consult my attorney and the man says, well, Mr. Booth, you won't need any attorney for this, says, we just want to release the car over to us where we will have full authority, said, you won't need it, Mr. Booth, it is just to release it, and I said, Gordon, do you mean it will be all right. And, he said, yes, it will be all right to sign it, just everything to turn the car over full to them so they can take charge of it and do what they can and get their money. And, I says, you mean that releases responsibility of you all to me and me to you all. And, he says, yes, except for the fifty dollars." The defendant also testified: "He told me they wanted me to sign the release over the car, over to them so they could take it and go ahead and see what they could do with it about getting their money back"; relying entirely on the statements made to him by the plaintiff's agents, he executed the proof of loss and loan receipt without reading them. The defendant gave no testimony tending to show an emergency or other excuse for his failure to read other than that he and the agent had been "friends" and he relied on the agent's representations as stated and to the effect that "they" wanted the release so "they" could have "full authority" and it would be all right to sign.

The sole basis of defense now relied upon by the defendant is that by these statements of its agents the plaintiff waived the subrogation agreement and is now estopped to proceed under the loan receipt. Hence, we must determine whether, as a matter of law, these facts constitute a defense which would be for a jury's determination.

It is well settled that: "One who signs an instrument written by the opposite party at interest therein, without reading it, when he is capable of doing so, can not afterwards set up fraud in the procurement of his signature thereto, when no trick or artifice was resorted to for the purpose of inducing him to thus sign it, and it was not signed under any emergency requiring haste in its execution." *Levy v. Miles F. Bixler Co.*, 20 Ga. App. 766 (1) (93 SE 233); *Swofford v. First Nat. B. & L. Assn.*, 184

Ga. 312, 314 (191 SE 103); *Martin v. Alford,* 214 Ga. 4, 7 (1) (102 SE2d 598). Moreover, "All oral negotiations between parties to a written contract, which either preceded or accompanied the execution of the instrument, are to be regarded as merged in, or extinguished by it; and the writing is to be treated as the exclusive medium of ascertaining the agreement to which the contractors bound themselves." *Logan v. Bond,* 13 Ga. 192 (3). In the absence of fraud, accident, or mistake, parol evidence of prior or contemporaneous conversations, representations, or statements is inadmissible to add to or vary the written instrument. *Parcel Delivery Co. v. American Oil Pump &c. Co.,* 25 Ga. App. 659 (104 SE 27).

The defendant attempts to obviate the effect of the merger rule by contending that, prior to or contemporaneously with the execution of the documents, the plaintiff's agents waived the subrogation provisions by their acts or declarations.

With this novel proposition we can not agree. Regardless of the terminology used by the defendant, his position is predicated solely on the legal theory of fraudulent misrepresentation as to the terms of the contract. The allegations of the answer and evidence adduced by deposition consist of alleged misrepresentations by the plaintiff's agents which were calculated to induce and procure the defendant's signature to the instruments in question. However, the statements made by the agents comprise and constitute merely expressions of opinion as to the legal effect of the instruments in question. "The general rule is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law. Everyone is presumed to know the law and therefore can not in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion, and this is especially so where there is no confidential relationship between the parties." *Thomas v. Byrd,* 107 Ga. App. 234, 236 (129 SE2d 566); *Fields v. Fire & Cas. Ins. Co. of Conn.,* 101 Ga. App. 561 (114 SE2d 540); *Bryant v. Motors Ins. Corp.,* 109 Ga. App. 47 (134 SE2d 905).

There being no showing of actionable fraud, the statements attributed to the plaintiff's agents are insufficient to constitute

414

a waiver or cause the plaintiff to be estopped from asserting the contractual provision here involved.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*