## 51186. FIREMAN'S FUND INSURANCE COMPANY v. MERCER MARINE TRANSIT CORPORATION.

BELL, Chief Judge.

The plaintiff insurer brought suit against its insured to recover premiums allegedly past due on an insurance policy. At the conclusion of the evidence the plaintiff moved for a directed verdict which was denied. The jury found for the defendant and judgment was entered.

The insurance policy in this case was a cargo liability policy. It provided that the premium was to be based on the gross receipts of the defendant. Gross receipts were defined ". . . the term 'gross receipts,' wherever used in this policy, shall mean the actual charges for transportation of lawful goods and merchandise from original location to destination plus charges for other services in connection with such transportation less any net payments to connecting carriers." Plaintiff caused the records of the defendant to be examined by one of its auditors. He testified that as a result of this audit the defendant had understated its gross receipts by several hundred thousand dollars which resulted in an indebtedness due of $6,113 for unpaid premiums, the amount claimed. A witness for the defendant testified that defendant was in the business of transporting boats and marine products; and that in addition to the usual freight charge for transporting this type of equipment from one point to another the defendant would be required to incur additional charges for escorts from one state line to another, various permits, modification of transportation equipment which charges were added to the freight charges that a customer would have to pay defendant. Over objection of plaintiff this witness was allowed to testify that it was the customary usage in the transportation business to base gross receipts on what was charged a customer for freight from point to point and excluding the additional charges for services in connection with transportation. *Held:*

It is the defendant's contention that the policy definition of gross receipts was ambiguous and thus the parol evidence as to the custom of the trade was admissible at the trial. The law is that when parties make

an express contract which is plain and unambiguous, evidence of usage and custom in the trade is inadmissible to control, vary or contradict it; custom or usage cannot be repugnant to or inconsistent with the contract. *Park & Iverson v. Piedmont &c. Ins. Co*, 48 Ga. 601, 606. The policy definition of gross receipts is plain and unambiguous. It clearly spells out that the term gross receipts would include the very items that defendant contended by usage in trade would not be included in order to determine gross receipts for computation of premiums for the cargo liability policy. The parol evidence admitted was not competent evidence to vary the term of the policy. See *Cleghorn v. Shields*, 165 Ga. 362 (141 SE 55). The evidence demanded a verdict for plaintiff. The judgment is reversed with direction that the trial court enter a judgment for plaintiff in the amount of $6,113.

*Judgment reversed with direction. Webb and Marshall, JJ., concur.*

SUBMITTED OCTOBER 6, 1975 — DECIDED NOVEMBER 18, 1975.

*Pittman, Kinney, Kemp, Pickell & Avrett, Henry C. Tharpe, Jr., L. Hugh Kemp*, for appellant.