### 53910. MAHLER v. PAQUIN.
### 53911. MAHLER v. AIELLO.

QUILLIAN, Presiding Judge.

Both plaintiffs are Michigan residents. They brought suit in Georgia upon judgments obtained in Michigan against the defendant. Plaintiffs' motions for summary judgment were granted. Defendant's motions for summary judgment were denied. Defendant appeals. *Held:*

1. There is no provision for appellate review of the denial of a summary judgment except by direct appeal with a certificate of immediate review. *Marietta Yamaha,*

*Inc. v. Thomas,* 237 Ga. 840, 842 (2) (229 SE2d 753). Defendant did not comply with the proper procedure and in the absence of compliance with Code Ann. § 6-701 (a) 2 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758), that portion of the appeal is not properly before this court and must be dismissed. Id.

2. Defendant alleges the Michigan judgments were procured by fraud, are void upon their face, and are not entitled to full faith and credit. Under Art. IV, Sec. 1, of the United States Constitution (Code Ann. § 1-401), full faith and credit shall be given in each state to judicial proceedings of every other state. "[A] judgment of a foreign court will be enforced by the courts of this state unless it is shown that the foreign court lacked jurisdiction of the person or subject matter or that the judgment was procured by fraud." *Dropkin v. Dropkin,* 237 Ga. 768, 771 (229 SE2d 621).

Defendant alleges the judgment was obtained by fraud. The facts upon which he predicates his allegation are that after he was served he was advised "by Plaintiff that he was not being sued in his individual capacity, but was named in said law suit for the sole reason that he was the Agent for Service" for the corporation that he worked for, and "he was the only 'officer' of said corporation in the State of Michigan." Defendant did not answer the suit and suffered a default judgment which is now being enforced against him. He contends he was "deliberately misled" and "[s]uch deception constitutes legal and actual fraud." Neither plaintiff denied defendant's assertions.

"The allegations of both the petition and the answer must be taken as true in a summary judgment case unless the movant successfully pierces the allegations so as to show that no material issue of fact remains." *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783, 784 (2) (195 SE2d 277). As plaintiffs did not offer any matter controverting the defendant's assertions, his answer was not pierced and we will accept them as true. However, admitting defendant was induced not to file an answer to the Michigan suits because of plaintiff's statement that "he was not being sued in his individual capacity," does this amount to fraud as a matter of law?

(a) "As a general rule, equity will grant no relief to

one against whom an unfavorable judgment has been rendered, even in consequence of fraud, where the aggrieved party could have prevented the return of such a judgment by the exercise of proper diligence; but this rule is not applicable where there is a confidential or fiduciary relation between the parties. In such a case the law requires the utmost good faith, and the parties are not required to anticipate or watch for fraud." *Hogg v. Hogg,* 206 Ga. 691 (3) (58 SE2d 403); *Lewis v. Lewis,* 228 Ga. 703 (3) (187 SE2d 872). The relationship between the plaintiffs and the defendant in Michigan was that of businessmen. "In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone." *Dover v. Burns,* 186 Ga. 19, 26 (196 SE 785); *Lewis v. Alderman,* 117 Ga. App. 855 (1) (162 SE2d 440). We find no confidential or fiduciary relationship between the plaintiffs and the defendant.

In a similar situation, where the party being sued, a garnishee, relied upon assertions of the plaintiff's attorney and failed to file an answer and default judgment was entered (as in this case), the court held that the garnishee's allegations were insufficient to show that his failure to file his answer, or move to open the default before final judgment, "was excusable in law. *Jackson v. Grant,* 152 Ga. 751 (111 SE 192). We need not determine whether the allegations were sufficient to charge fraud on the part of [plaintiff's] attorney, for, even if the allegations were sufficient to charge fraud, by proper diligence the garnishee could have prevented the judgment against him from being entered. [Cits.] 'If a party have a good defense at law, and from negligence fail to set it up at the proper time, he must take the consequences of his own *laches;* he cannot go into equity to be relieved from the consequences of such negligence.' " *Peacock v. Walker,* 213 Ga. 628, 630 (100 SE2d 575); see also *Gordon v. Spence,* 124 Ga. App. 384 (184 SE2d 39).

We are aware of a number of cases in which the court has given relief to a defendant who was assured by a plaintiff that the suit would be dismissed, or judgment would not be taken, and then judgment was procured by taking advantage of the trust and confidence imposed.

However, these cases are inapposite as each has a distinguishing feature to remove it from the general rule stated above.

(b) We find the allegations of the defendant regarding plaintiffs' assertions to him as to the legal capacity for which he was being sued in Michigan amount to a representation of law. See 37 CJS 323, Fraud, § 55. Representations of Law. " 'The general rule is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law. Everyone is presumed to know the law and therefore can not in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion, and this is especially so where there is no confidential relationship between the parties.' " *Cotton States Mut. Ins. Co. v. Booth,* 116 Ga. App. 410, 413 (157 SE2d 877); accord, *Clinton v. State Farm Mut. Auto Ins. Co.,* 110 Ga. App. 417, 422 (2a) (138 SE2d 687); *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164, 166 (141 SE2d 208); *Swofford v. Glaze,* 207 Ga. 532, 535 (63 SE2d 342); *Dixon v. Dixon,* 211 Ga. 557, 563 (87 SE2d 369). Not only was there no confidential relationship between plaintiffs and the defendant because of their business dealings, but their interests were antagonistic as they were adversaries in the attempts of the plaintiffs to collect their accounts from defendant's corporation. See *Clinton v. State Farm Mut. Auto Ins. Co.,* 110 Ga. App. 417, 424 (2b), supra; *Wheat v. Montgomery,* 130 Ga. App. 202 (3) (202 SE2d 664); *American Security Van Lines v. Amoco Oil Co.,* 133 Ga. App. 368, 369 (210 SE2d 832).

(c) " 'A court of equity will not afford relief to a party who, with all the means of protecting himself against the imposition of the other party, abandons them and relies on his statements.' " *Sorrells v. Atlanta Transit System, Inc.,* 218 Ga. 623, 628 (129 SE2d 846). "[I]t is the business of a litigant to be on his guard against fraud and trickery. . ." *Milner v. Gatlin,* 143 Ga. 816, 818 (85 SE 1045). Where a defendant, as in this case, "had no right to avoid this judgment, except for fraud . . . in order to do this, he must have been vigilant in detecting and exposing the fraud." *Mahan v. Cavender,* 77 Ga. 118, 123. We conclude

defendant was neither vigilant nor diligent.

We find *Peacock v. Walker,* 213 Ga. 628, 630, supra, and *Cotton States Mut. Ins. Co. v. Booth,* 116 Ga. App. 410, supra, controlling. Where a party is personally served, and is named in the complaint as a defendant, if he has a defense at law and fails to answer, based upon assertions of law of the plaintiff or his counsel that he is not being sued in his personal capacity — where there is no confidential relationship between the parties, equity will not relieve him of the consequences of his failure to believe what the complaint legally advised him.

3. The remaining enumerations have been examined and determined to be without merit.

*Judgments affirmed. Shulman and Banke, JJ., concur.*

ARGUED MAY 10, 1977 — DECIDED MAY 25, 1977 — REHEARING DENIED JUNE 20, 1977 — 

*Raiford, Hills & McKeithen, Tyler Dixon,* for appellant.

*Zusmann, Sikes, Pritchard & Cohen, Dennis M. Hall,* for appellees.