70283. COLDWELL BANKER RESIDENTIAL REAL ESTATE SERVICE OF GEORGIA, INC. et al. v. LEONARD.
(335 SE2d 403)

DEEN, Presiding Judge.

The appellee, Linda Leonard, initially contacted the appellants, Coldwell Banker Residential Real Estate Service of Georgia, Inc., Cathy Meder (as real estate agent), Terry Cunningham (as listing

agent), and Stan Nollenberger (as broker), in response to a newspaper advertisement of a house for sale in Kennesaw, Georgia. The appellee was not interested in that house, but on November 5, 1983, Meder called her to describe another house in Powder Springs, Georgia, which did interest the appellee. At that time, however, Meder told the appellee that another party might have already contracted with the seller. On November 7, Meder informed the appellee that the third party had in fact entered a contract to buy the house.

On November 9, 1983, Meder again contacted the appellee and advised her that the prior contract had "fallen through" and that the house was again on the market. Later that day, the appellee and Meder viewed the house while the owner was present. The appellee eventually made an offer, which was presented to and accepted by the owner that evening. The appellee admitted that prior to making her offer, Meder had informed her that the third party, who had entered the previous contract with the owner, was threatening a lawsuit to enforce the earlier contract and was also submitting a second offer. Meder further advised the appellee that the broker, Nollenberger, was of the opinion that the third party did not have a valid contract and thus did not have a "leg to stand on" in the threatened lawsuit.

Closing on the sale was set for November 15, 1983. On November 14, 1983, however, Meder informed the appellee that at the closing, the property would have to be transferred with a cloud on the title because the third party had filed an affidavit on November 10, 1983, asserting a claim to the property based on the prior contract. The appellee refused to proceed with the closing, and she subsequently commenced this action based on fraud. This interlocutory appeal follows from the trial court's denial of the defendants' motion for summary judgment on the basis that the appellee could have been misled as to the factual existence of a prior, valid contract for the sale of the property. *Held*:

" 'The general rule is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law. Everyone is presumed to know the law and therefore can not in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion, and this is especially so where there is no confidential relationship between the parties.' [Cit.]" *Cotton States Mut. Ins. Co. v. Booth*, 116 Ga. App. 410, 413 (157 SE2d 877) (1967); accord *Gignilliat v. Borg*, 131 Ga. App. 182 (205 SE2d 479) (1974). In the instant case, there obviously was no confidential relationship between the appellee and the defendants, since the defendants were the agents of the seller, and there was no dispute over the appellee's awareness of the actual existence of a prior contract. Rather, the crucial issue concerned the defendants' representation that the prior contract was invalid, a rep-

resentation as to a matter or opinion of law which cannot constitute remediable fraud. See *Beckmann v. Atlantic Refining Co.*, 53 Ga. App. 671 (187 SE 158) (1936); *Christopher v. Whitmire*, 199 Ga. 280 (34 SE2d 100) (1945). Accordingly, the trial court erred in not granting summary judgment for the defendants.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985.

*F. Carlton King, Jr., Dennis A. Elisco*, for appellants.
*Carol D. Sweet, William T. Cox, Jr.*, for appellee.